[See Case No. 17,409.]

---

## Case No. 17,409.

### WELSH v. LINDO.

[1 Cranch, C. C. 508.] [1]

Circuit Court, District of Columbia. July Term, 1808.

EVIDENCE—DEBT ON PROMISSORY NOTE—FORMER RECOVERY.

1. A former recovery may be given in evidence upon nil debet.

2. A former recovery upon a count for goods sold and delivered, may be given in evidence in an action of debt upon a promissory note, with an evidence that judgment was confessed in the former action upon and for the note now declared upon.

[Cited in New York, L. E. & W. R. Co. v. McHenry, 17 Fed. 418.]

Debt on a promissory note for $382.47. The defendant pleaded nil debet.

Mr. Swann and Mr. Jones, for defendant, offered in evidence under the plea of nil debet, a record of Frederick county, Virginia, of a judgment upon a declaration for $10,000 for goods, wares, and merchandises sold and delivered, upon which judgment was confessed for £739 13s. and offered parol evidence to prove that the judgment was upon and for this note and another.

C. Simms and E. J. Lee, for plaintiff, objected that it ought to have been pleaded; that it cannot be for the same cause of action. Goods sold and delivered, and a promissory note are different causes of action, and cannot be averred to be the same. Rook v. Sheriff of Salisbury, 12 Mod. 412; Bredon v. Harman, 2 Strange, 701; 4 Bac. Abr. 114; Id. "Pleas and Pleading, I." 113.

THE COURT (DUCKETT, Circuit Judge, absent) was of opinion that the former recovery may be given in evidence on nil debet, and that parol evidence may be given to show, that although the action was indebitatus assumpsit for goods sold and delivered, the judgment was really confessed for and upon the notes, and that this parol evidence was not contradictory to the record.

The plaintiff became nonsuit, with leave to move to reinstate.

[See Case No. 17,408.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]