*Offutt* vs. *John* (*a mulatto*).

OFFUTT *vs.* JOHN (A MULATTO).

Where a judgment is given in evidence, it is equally conclusive in its effect, as if it were specially pleaded in bar.

APPEAL from the Ray Circuit Court.

EDWARDS, *for Appellant.*

1. That hearsay is competent original evidence only, where the fact sought to be proved, from its nature absolutely, or at least usually, excludes proof by direct evidence; as in questions of relationship, character, prescription, pedigree, and the like.—1 Starkie's Ev., 30; Peake's Ev., 22. And the tests of its admissibility are—

1st. That the fact to be proved be of a public nature.—1 Starkie's Ev., 33, 43.

2d. That neither reputation, nor traditionary declarations, are admissible to prove a particular fact.—1 Starkie's Ev., 34; Outram *vs.* Morewood, 3 East; 2 Peters' Digest, 224.

To warrant the admission of hearsay as secondary evidence, it is necessary, among other things, in addition to the above tests, to lay a foundation: '

1st. By showing that the superior evidence, in place of which the secondary is offered, is no longer attainable, as by showing the death of the person who made the declarations.—1 Starkie's Ev., 158, 9.

2d. Declarations as to pedigree are not admissible, unless derived from persons connected with the family.—1 Starkie's Ev., 43; Peake's Ev., 22; Jackson *vs.* Browner, 18 Johns. Rep., 37.

3d. The declarations must be free from suspicion, and not made *post litem motam.*—1 Starkie's Ev., 44, and note.

4th. The circumstances which warrant the admission of hearsay as secondary evidence must first be proved.—1 Starkie's Ev., 159.

2. The record of the suit between Love, the reputed mother of the appellee, and Robert Walker, from the Montgomery Circuit Court, in the State of Kentucky, is not admissible in evidence in this suit. .

1st. It is *res inter alios acta.*—1 Starkie's Ev., 58, 120, 214, 217, 220; Dale and Others, Executors, *vs.* Rosevelt, 1 Paige, 13; and, particularly, Davis *vs.* Wood, 1 Wheaton, 6.

2d. The record does not disclose the facts on which she was adjudged free, and her right of freedom may have accrued subsequent to the birth of the appellee. Walker may have had no title, and yet she may have been the rightful slave of another.—2 Johns. Rep., 24; 1 Starkie's Ev., 217, 221, 222, 224.

3d. Is not the record defective, showing that exceptions were had which no where appear? Does it appear that the suit was ever prosecuted to a final determination?

3. Were the copies of depositions, included in the transcript of Logan Circuit Court record, admissible in evidence, the deponents having been proved to be dead?—1 Starkie's Ev., 43, 264, 267; Peake's Ev., 89, note; 15 Johns. Rep., 539; 11 Johns. Rep., 446.

The only question which can arise is, whether they are sufficiently authenticated by the certificate of the clerk? (1 Starkie's Ev., 167, 178.) In Chirae *vs.* Reinecker, 2 Peters' Rep., 613, depositions had been taken in France; they were lost, and in a subsequent suit, the bill of exceptions taken at the former trial, and containing the depositions, were allowed to be read in evidence.

4. It never was the settled common law doctrine, that to render a former verdict and judgment conclusive between the parties, it must be pleaded by way of estoppel. The weight of authority in England is clearly against the doctrine, at least, in all suits which do not require special pleading, as in assumpsit. In the United States, the general doctrine clearly is, that a verdict and judgment between the parties is conclusive, and equally conclusive whether pleaded or given in evidence under the general issue, in cases where it is admissible under that issue.—19 Johns. Rep., 162; 7 Cranch, 481; 3 Wheaton, 238; 6 Wend., 447.

Opposed to the doctrine contended for by the appellee are, in England, the cases of Hitchen *vs.* Campbell, 2 Black., 827; 3 Wills, 304, S. C.; Budd *vs.* Randall, 3 Burr., 1035; and Scott *vs.* Shuman, 2 Black., 977. See also Peake's Ev., 63, 64.

It is singular that, in the case of Evelin *vs.* Haynes, 3 East, 36, and Miles *vs.* Rose, 5 Taunt., 705—regarded as leading cases—the former judgment and verdict could not have been conclusive if pleaded, being cases in which verdict had been given on the general issue, in an action on the case, where the right was never pointedly put in issue.

In Virginia, Maryland, Tennessee, Pennsylvania, New York, and other states, the doctrine has been expressly rejected.—See Shelton *vs.* Barbour, 2 Wash., 64; Preston *vs.* Hervey, 2 Hen. and Munf., 55; Edwards *vs.* McConnell, 1 Cooke's Rep., 305; 3 Cowen, 120; 4 Cowen, 559; 3 Wend. Rep., 27; 10 Wend., 84; 14 Mass. Rep., 241; 17 Mass. Rep., 365.

The United States Supreme Court have, on several occasions, recognized and acted upon the same doctrine.—See The United States *vs.* Nourse, 9 Peters' Rep., 8; and Young et al. *vs.* Black, 7 Cranch, 565.

In Missouri the question is no longer open. McNight *vs.* Taylor, 1 Mo. Rep., 282, was an action of assumpsit brought on a promissory note; plea, *non-assumpsit.* The defendant gave in evidence, under that issue, a former judgment, on the same subject-matter, in his favor: held by the court to be a bar.

Penrose *vs.* Greene, 1 Mo. Rep., 774, was an action of replevin; plea, *non-detinet*: a former verdict and judgment were given in evidence; held to be conclusive.

La Joy *vs.* Primm, 3 Mo. Rep, 529, recognizes the same general doctrine.

5. According to the authority of Chitty and Starkie, relied on by the counsel for the appellee, such verdict is *pregnant evidence* and argument, before the jury, of the fact in dispute. But the court, in the case at the bar, refused to instruct the jury that it was even *prima facie* evidence.— Chitty's Contr., 301; 1 Starkie, 228.

6. Was it not the intention of the legislature, in authorizing the admission of special matter under the general issue, in suits for freedom, to give such matter as conclusive a character as if pleaded specially? The case stands on the same ground as that of constables, justices of the peace, and other public officers sued for misconduct, who are allowed by statute to plead the general issue, and give special matter in evidence.—See Sand. Plead. and Ev., 96, 691; 3 Camp., 378; 1 Chitty's Plead., 541.

7. If such verdict and judgment is not conclusive against a petitioner for freedom, neither can it be conclusive for him. A colored person liberated from servitude on one day, may be seized by his oppressor the next, and, if not protected by the verdict and judgment, may be again enslaved.

8. The verdict and judgment, read in evidence by the defendant, is conclusive of the rights of the parties, until the plaintiff shows that his right to freedom has accrued subsequent to the rendition of said judgment. In this case the plaintiff predicates his claim solely on the ground that his mother was a *white woman.* — 4 Randolph, 134; and, particularly, Shelton *vs.* Barbour, 2 Wash., 64, before cited. See also the whole doctrine, as to the effect of a former verdict and judgment between the parties, ably examined in Cowen and Hill's notes to Phillips' Evidence, part 2, p. 804.

9. Does the verdict authorize the judgment?

DUNN, *for Appellee.*

1. Reputation is evidence to prove a pedigree, including the state of the family, as far as regards the relationship of its different members, their births, marriages, and deaths.—See 1 Starkie's Ev., 32; 8 Johns. Rep., 128; 10 East's Rep., 120, 4 Camp., 401.

2. The record of the case of Love (the mother of the plaintiff) *vs.* Walker, is admissible in evidence as an introductory fact to a link in the chain of the plaintiff's title to freedom, and as that fact might be proved by general reputation, it may be established by a judgment between different parties.—See 4 Wheat. Rep., —; 1 Stark. Ev., 251; 1 Martin and Yerger's Tenn. Rep., 1; 1 East's Rep., 355.

3. That part of the transcript in the case of John *vs.* Elsly Offutt, in which the clerk of the Logan Circuit Court states what purports to be copies of depositions read on the trial, not being in the bill of exceptions in that case, and being a part of the record, was properly excluded by the Court.—See 4 Mo. Rep., 626; 5 Mo. Rep., 110; 6 Mo. Rep., 162; 1 Bibb Rep., 266; and Rev. Stat., 220.

4. The verdict and judgment in that case may have been obtained upon the evidence of the present defendant, and this ought to have excluded the whole record, together with the pretended copies of depositions.—1 Starkie's Ev., 220, 266.

5. The present defendant would not have been prejudiced by a contrary verdict and judgment in the case of John *vs.* Elsley Offutt, and he cannot now be permitted to derive the benefit of it. The prejudice and benefit must be mutual. —1 Starkie's Ev., 220.

6. The course of action in the case of John *vs.* Esly Offutt was different from that in the present case: consequently, the former judgment is no bar.—4 Day's Rep., 431; 3 Wend. Rep., 31; 1 Starkie's Ev., 221; 2 Johns. Rep., 24.

7. The defendant, having pleaded not guilty, whereby elected to submit his case to the jury, and the former judgment would only have been conclusive, if pleaded in bar to the action, by way of estoppel.—3 East's Rep., 346; 2 Barn. and Ald., 668; 1 Chitty's Plead., 512, note (c.); *Ibid.*, 548, 549, 635; 1 Starkie's Ev., 226, 227; 4 Day's Cases in Error, 274; 6 Rand. Rep., 86, 94; 2 Blackf. Rep., 465; 3 Wend. Rep., 27; 2 John. Rep., 24; 2 Digest N.Y. Rep., 865, 866; 8 Wend. Rep., 9; 7 Johns. Rep., 20.

8. The legislative intention must be expressed with irresistible clearness, to induce a court to suppose a design to overthrow a fundamental principle.— 1 Cond. Rep., S. C. U. S., 229, 431; 2 Cranch Rep., 358.

9. The admisssion of evidence out of the usual course of practice, is a matter of discretion with the court, and is no error; more espccially as the evidence admitted was not necessary.—4 Mo. Rep., 360; 7 Mo. Rep., 115; 1 Starkie's Ev., 180.

10. Where there is a contrariety of evidence, the court will not grant a new trial, unless the evidence strongly preponderates in favor of the party seeking a reversal of the judgment.—1 Starkie's Ev., 470; 4 Mo. Rep., 295; 6 Mo. Rep., 61.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action brought by the appellee to establish his freedom, under the provisions of our statute regulating the mode of proceeding in such cases. The defendant pleaded the general issue, and offered in evidence the record of a suit for freedom, in the Circuit Court of Logan county, Kentucky, between the appellee and one Eli Offutt, from which it appeared that a verdict and judgment was had against the appellee. The appellant purchased the appellee from said Eli Offutt.

The court instructed the jury that this was *persuasive* evidence of the facts therein, but not conclusive; and that the defendant having elected to submit his cause to the jury, under the general issue, the jury were therefore to give their verdict upon the whole evidence; and they were not to try whether the plaintiff was estopped from trying the question, but whether the defendant was guilty of the wrongful act imputed to him.

There was much other testimony in the case, and several questions raised in relation thereto, and discussed by the counsel; but as we think the instruction given, as above set forth, disposes of the whole case, it becomes unnecessary to investigate the other points in the case. The verdict and judgment were for the plaintiff in the Circuit Court.

No principle of law is better settled than that a judgment of a court of competent jurisdiction is binding upon the parties to that judgment, and their privies, so long as it remains unreversed. It is expedient to the peace of society, that there should be an end to litigation, and this would not be, if parties were at liberty to

*Offutt* vs. *John* (*a mulatto*).

have as many controversies about the same subject-matter as their interest or passions might dictate. Hence it is a received maxim, *nemo bis vexari pro eadem causa*.

The general principles determining the force and effect of judgments, are summarily stated in the celebrated case of the Duchess of Kingston, 1 Phil. Ev., 321. "From the variety of cases," says Chief Justice De Grey, "relative to judgments being given in evidence in civil suits, these two deductions seem to follow: *First*, that the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another court; *Secondly*, that the judgment of a court of exclusive jurisdiction directly upon the point is, in like manner, conclusive upon the same matter coming incidentally in question in another court, between the same parties, for a different purpose.

"But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment."

This doctrine is, in substance, adopted by the Court of Errors in New York, as in the case of Jackson ex dem., Genet *vs.* Wood, 3 Wend., 27, 8, (*Ibid.*, 5,) a leading case on the subject in that State. The court there held, first, that the judgment of a court of concurrent jurisdiction, or one in the same court, directly on the point, is, as a plea, a bar, and as evidence in certain cases, conclusive between the same parties, upon the same matter directly in question, in another court or suit; but is no evidence of a matter which was collaterally in question, nor of matter incidentally cognizable, or to be inferred only by argument or construction from the judgment; and, second, that if it does not appear, from the record, that the verdict or judgment in the former suit were directly upon the point or matter which are again attempted to be litigated in the second action, the fact may be shown *aliunde*, provided the pleadings, in the first suit, were such as to justify the evidence of those matters, and that it also appeared, that when proved, the verdict or judgment must necessarily have involved their consideration and determination by the jury. The same principle is laid down in the case of Lawrence *vs.* Hunt, 10 Wend., 80.

Notwithstanding this principle, which has thus authoritatively been established, and in no case expressly dissented from, a distinction has been taken, both in England and several of the United States, between cases wherein the verdict and judgment have been pleaded as a bar, and those in which they have been offered in evidence. In the latter class of cases it has been held, that the verdict is not conclusive, but that the jury may find according to the fact in evidence, without being bound by such former verdict and judgment.

A succinct review of the cases on this point is made by Judge Cowen, in his valuable notes to Phillips' Treatise on Evidence, vol. 3, p. —. It is unnecessary to examine these cases at large, for they are numerous and conflicting; but as the question has been heretofore only incidentally determined by this Court, we desire to base our opinion both upon authority and reason, and therefore recur to some of the leading cases.

It will be observed, upon an examination of these cases, that much of the diversity of opinion among the judges may be traced to a disposition to confound judgments with estoppels, and to set up a new and undefined distinction between verdicts and judgments. "An estoppel," says Blackstone, "is a special plea in bar; which happens where a man has done some act, or executed some deed, which estops or precludes him from averring any thing to the contrary." Estoppels are either matter of record, as an admission in pleading, or by deed, as a bond, the consideration of which cannot be inquired into at law; or by *pais*, as entry and acceptance of an estate, or an acceptance of rent.— 2 Tuck. Comm., 258. From this definition, and these instances of estoppels, it is not to be wondered at that they are viewed in law as odious defences, inasmuch as they frequently preclude a party from showing the truth. It is equally clear that, regarding them in this light, there is but little analogy between them and judgments. The former is the act of the party, the latter is the solemn sentence of the law pronounced by a court of competent jurisdiction. The former constitute a constraint upon a personal privilege; the latter concern not only the parties to that judgment, but upon their inviolability depend the peace and security of the community. In determining the effect of a judgment, therefore, there is an obvious impropriety in regarding them merely as estoppels, and applying to them the principle governing the latter class of defences.

Some confusion is also created in the elementary books, by generally treating of verdicts and judgments as inseparable concomitants, and occasionally attempting a distinction between them, as though a verdict upon which no judgment was pronounced was, of itself, entitled to any weight. In Phillips' Evidence, p. 223, it is said, "that where a *judgment* is pleaded, it is proposed as something decisive and conclusive, as *res judicata*. When a *verdict* is offered in evidence, it is proposed on the same footing as the rest of the evidence in a cause, only as a medium of proof, and the credit due to it must depend upon the nature and circumstances of the particular case. It is merely the opinion of a former jury upon the facts there laid before them, and with reference to the strength or weakness of the proof on each side." For this opinion, no authority is cited. If the author, in speaking of the weight to which verdicts are entitled as contradistinguished from judgments, alludes to that class of cases in which verdicts are admitted as testimony or a species of hearsay evidence, on questions of pedigree, prescription, or custom, there may be some truth in the position he assumes; but it is not perceived upon what authority, or principle, a distinction is taken between verdicts and judgments, where they are upon the same point, and between the same parties, and when there can be no verdict admissible at all, unless that verdict has been ripened into a judgment. The same opinion has been adopted by the Supreme Court of Connecticut, a court which has, in several cases, sustained the position assumed by the Circuit Court of Ray county, in its instructions to the jury on the case now before the Court. In the case of Betts *vs.* Starr, (5 Conn. Rep., 550,) the court held the judgment, which was offered in evidence under the general issue, a bar, and conclusive; but the judge who delivered the opinion of the Court said, "Though verdicts must generally, if not always, be specially pleaded, when they

*Offutt* vs. *John* (*a mulatto*).

are relied on as conclusive; yet a *judgment* of a court, when properly given in evidence, is as conclusive as though specially pleaded." This position appears to rest upon the authority of Buller's Nisi Prius, (p. 232,) who refers to the case of Clarges and Sherwin, (Ca. K. B., 343,) in which the only question was upon the legitimacy of the Duke of Albemarle, and the court would not suffer a former verdict between other parties, concerning other land depending on the same question and title, to be read in evidence. It is clear, that the verdict is entirely inadmissible, unless the record of the judgment founded upon it be produced; for if it happen that the judgment has been arrested, or a new trial granted, the verdict is no evidence. (Bull. N. P., 234, Mahoney *vs.* Ashton; 4 Han. and McH., 322; 2 Han. and McH., 402.) The whole amount of the doctrine, then, is, that when a verdict is offered in evidence, the whole record must be produced; and though the judgment is, in such cases, conclusive, the verdict is not held to be equally so, either because it embraces a finding of special facts which do not appear in the judgment, and therefore may be regarded merely as the opinion of twelve men, and as such persuasive or pregnant evidence, as it is termed, of the truth of such facts to another jury, when they again come into controversy between the same parties, or, because there is nothing on the face of the record, either in the verdict or judgment, showing the points actually decided, and therefore evidence *aliunde* must be introduced, to show what was determined; and such evidence, being by parol, must be governed by the same rules which regulate every other kind of parol testimony. If the former be the basis of the doctrine, it is confined to special verdicts; and if the latter be the foundation of this distinction between verdicts and judgments, then it is obvious that it can make no difference whether the record be pleaded specially, or offered in evidence. In either event, it cannot of itself be conclusive.

Goddard's case (2 Co. Rep., 4,) is one of the earliest cases relied on to sustain this distinction between the effect of the judgments, when offered in evidence, and when specially pleaded. That was an action on a bond given to a deceased intestate; and the defendant pleaded, that the intestate died before the date of the bond, and so concluded that the writing was not his deed, on which issue was taken, and it was held, that the jury were not estopped from finding the bond was executed nine months before it bore date, and in the life-time of the intestate. (Bull. N. P., 298.) There seems to be nothing in this case to warrant the conclusions which have been drawn from it. In Trevivian *vs.* Lawrence, (1 Sal. Rep., 276,) it was held, that a party, by neglecting to plead an estoppel when he may, thereby consents to waive the same, and submits the whole controversy to the jury, on its merits. Upon this case rests the celebrated cases of Vooght *vs.* Winch (2 B. and A., 662,) and Outram *vs.* Morewood, (3 East., 346,) and yet it is clear, that the principle settled in that case could have no application to cases where special pleading was not required. It cannot apply to actions of assumpsit, and other actions, where matters in bar may be given in evidence under the general issue; for in such actions there is no obligation on a party to plead, and the failure to plead specially cannot, by being regarded as neglect, be construed into a waiver by consent.

*Offutt* vs *John* (*a mulatto*).

In the case of Vooght *vs.* Winch, it was well remarked by Judge Cowen, (3 Phil. Ev., p.——,) the judgment offered in evidence would not have been conclusive had it been specially pleaded, and, therefore, all that the court says in relation to the mode of its introduction was outside of the case.

In the United States, the decisions on this point have not been uniform. In Pennsylvania, the courts have confined the principle held in Outram *vs.* Morewood to cases where special pleading is required, and holding, that in actions of assumpsit the record of the former recovery is conclusive, "binding the parties, the court, and the jury."—Kilheffer *vs.* Herr, 17 Serg. and Rawle, 319; Cist *vs.* Zeigler, 16 S. and R., 282; Marsh *vs.* Pier, 4 Rawle, 273.

In Massachusetts, the question has turned upon the principle of special pleading, and there is nothing in the decisions of the court of that State to sustain the broad doctrine assumed in the instructions of the Circuit Court. In Howard *vs.* Mitchell, (14 Mass. Rep., 241,) the defendant, in trespass, pleaded in abatement, that one H. was co-tenant with plaintiff, upon which issue was joined. At the trial, plaintiff claimed that the defendant was estopped from showing the truth of his plea, because of a former judgment, whereby the contrary was established; but the court held, that the plaintiff should have replied such judgment specially, and failing to do so, the defendant was not estopped.—The same principle was decided in Adams *vs.* Barnes, 17 Mass. Rep., 365.

In Church *vs.* Leavenworth, (4 Day's Ca. Er., 277,) Judge Swift, of Connecticut, delivering the opinion of the court, adopts the doctrine of Lord Ellenborough, in Outram *vs.* Morewood, that verdicts are never conclusive unless specially pleaded. The opinion of this eminent jurist is entitled to great respect; yet it is worthy of observation, that his opinion on this point seemed nowise necessary to the decision of the case; for it appeared, from his statement, that the same point was not in issue in the two cases, and on this ground alone the case could have been decided. Judge Baldwin, who dissented, lays down the law as decided in the Duchess of Kingston's case.

In Virginia, the weight of authority is in opposition to the doctrine of Outram *vs.* Morewood. The cases of Shelton *vs.* Barbour (2 Wash., 64,) and Preston *vs.* Hervey, (2 H. and M., 55,) are decisive on this point; nor can it be considered as at all unsettled by the doctrine of Judge Carr, in Cleaton *vs.* Chambliss, (6 Rawle, 94.) In that case the court held, that the cause of action was not the same, and therefore, whether plead in bar or given in evidence, was not conclusive.

The case of Young *vs.* Black (7 Cranch, 566,) was an action of assumpsit; and a former judgment, given in evidence under the general issue, was held by the court to be conclusive. The same point was determined in the case of the United States *vs.* Nourse (9 Peters, 8).

The case of McNight *vs.* Taylor, (1 Mo. Rep., 282,) though the point was not expressly made, shows in what light this court has heretofore viewed this subject. That was an action of assumpsit; plea, non-assumpsit: and under this issue, the defendant gave, in evidence, a judgment. The court held, that the record of a former suit, being for the same cause of action, between the same parties, and

necessarily supported by the same proof, was a bar. The same doctrine was held in Penrose *vs.* Green, (*Ibid.*, 774.)

Such being the contrariety of the decisions on this point, it is evident, that there is no such preponderance of authority as to induce this Court to decline adopting that doctrine which appears to be better supported by reason, sounder in principle, and safer in practice. It is difficult to assign any reason why the weight and value of testimony should depend on the mode in which it gets before the jury. If a judgment were to be regarded as a mere estoppel, we can perceive good reasons for saying that such estoppel, being a mere personal privilege, may be waived by the consent or negligence of the party. The judgments of courts must rest on different grounds. It is not merely for the convenience of the parties, but for the interest and peace of society, that they are regarded as binding and conclusive.

In the present case, the action in the Logan Circuit Court was between the assignee of the present defendant, and the plaintiff: and the jury, it appears by the record, found the fact which is now in issue between these parties; and the judgment of the court was, that John, the plaintiff, was a slave.

The instruction of the court below, which allowed the jury to disregard this judgment, was, in our opinion, erroneous. The judgment is reversed, and the cause remanded, to be proceeded with in conformity with this opinion.