## SUPREME COURT.

### COURTLANDT PARKER and others agt. JOHN TOTTEN and WILLIAM TOTTEN.

The mere holder of a negotiable promissory note, who has no interest in it, can not now maintain an action upon it. Such action can only be prosecuted in the name of the *owner* of the note, or the *real party in interest.*

Hence, the necessity of a statement, in the complaint, of the facts constituting the cause of action of the plaintiff's *title;* or, in other words, his right of action against the defendant.

Where the statement of the cause of action in the complaint was, that "John Totten delivered the note to William Totten, who thereupon endorsed the same, and duly delivered it. And said note, before it became due, was duly

delivered to, and came into the possession of, the plaintiffs"—*held*, entirely insufficient.

1st. In what manner did the payee endorse it? In blank, or specially?

2d. To·whom, and by whom, was the note delivered? *Mere delivery is nothing, unless made by some person having the power to confer title.*

3d. For what purpose was·the note delivered to the plaintiffs? And it is not even alleged that it was endorsed to the plaintiffs.

*Kings Special Term, November,* 1854.

THIS action is brought upon two promissory notes. The complaint alleges the making of one of the notes by the defendant, John Totten, payable to the order of the defendant, William Totten, at the Commercial Bank of Perth Amboy. It then states that John Totten delivered the note to William Totten, " who thereupon endorsed the same, and duly delivered it. And said note, before it became due, was duly delivered to, and came into the possession of, the plaintiffs."

The cause of action upon the other note is separately and similarly stated.

The defendants have demurred to the complaint. And in their demurrer, after the general. objection that the complaint does not state facts sufficient to constitute a cause of action, they specify the following grounds :—

1st. That it does not appear to whom the said William Totten endorsed or delivered either of the notes in the complaint mentioned.

2d. It does not state that either of said notes was endorsed or delivered to the plaintiffs by the said William Totten, or by any lawful owner or holder thereof.

3d. It does not state by whom either of said notes were delivered to the plaintiffs, nor that either of them was endorsed to the plaintiffs, nor that the plaintiffs are the lawful owners or holders thereof; or are the parties in interest, or have any right to maintain an action thereon.

4th. It does not state how the notes, or either of them, came into the possession of the plaintiffs; nor whether they, or either of them, were delivered or transferred to the plaintiffs for a valuable consideration, or that the plaintiffs were the

owners or endorsees of either of said notes at the commencement of this action."

The plaintiffs now move for judgment, upon the ground of the frivolousness of the demurrer.

J. M. VAN COTT, *for plaintiffs.*
LOTT CLARK, *for defendants.*

ROCKWELL, Justice. This demurrer is far from being frivolous. Before the Code, it was not necessary that an action upon a promissory note, payable to bearer, or endorsed in blank, should be prosecuted in the name of the owner, or real party in interest. Where the note was endorsed in blank, the owner had a right to fill up the endorsement with any name he pleased, and the person whose name was so inserted would be deemed on the record as the legal owner; and if not so in fact, he could sue as trustee for the person having the real interest. The defendant was responsible to the person whose name was so inserted in the blank endorsement. (*Lovett* agt. *Evertson*, 11 *John. R.* 52 ; *Olcott* agt. *Rathbone*, 5 *Wend.* 494 ; *Gage* agt. *Kendall*, 15 *Wend.* 640 ; *Guernsey* agt. *Burns*, 25 *Wend.* 411.)

But the Code now provides that actions shall be prosecuted in the name of the real party in interest; and this general provision includes actions upon negotiable bills and notes; and such actions are not included among the exceptions contained in a subsequent section. (*Code*, §§ 111, 113.)

The mere holder of a negotiable promissory note, who has no interest in it, cannot therefore now maintain an action upon it. Such action can only be prosecuted in the name of the owner of the note, or the real party in interest.

How does it appear that the present action is prosecuted in the name of the real party in interest? A statement, in a complaint, of the facts constituting a cause of action, must embrace the plaintiff's title ; or, in other words, his right of action against the defendant. Without this, a statement of a cause of action is a mere legal abstraction, which can furnish no foundation for an action or other proceeding in a court of justice.

In this case, the plaintiffs have attempted to allege a right of action in themselves upon these notes, by stating severally, in the first place, the delivery of the note to the payee. Then that the payee endorsed it, and duly delivered it. But in what manner did the payee endorse? Did he endorse in blank, thus rendering the note payable to the bearer; or specially, thereby transferring it, or directing and appointing the money due thereon to be paid to some particular person? And to whom was the note delivered? Upon all these points the complaint is utterly silent.

It then goes on to state, that the note, before it became due, was duly delivered to, and came into the possession of the plaintiffs; but by whom delivered, is not stated. Mere delivery is an immaterial ceremony, unless made by some person having power or authority to confer title. Delivery is often essential to perfect title. But in such cases it accompanies a sale, gift, or other disposition of property. It is the accessory, not the principal. And for what purpose was the note delivered to the plaintiffs? It is just as easy to infer that it was delivered to, and received by them, as agents or attorneys for collection, as owners. It is not even alleged that it was endorsed to the plaintiffs. And even if it had been, such endorsement might have been, in legal effect, a mere direction, or appointment to pay the money due upon the note to the plaintiffs, for the use and benefit of the real party in interest. An endorsement for such a purpose is an ordinary business transaction. It takes place whenever a note is deposited with a bank for collection. And in such a case, if the note is not paid by the maker, no one, as the law now is, but the owner, or real party in interest, can prosecute an action upon it.

If there is no actual defect in the plaintiffs' title, or right of action upon these notes, it will be very easy for them, by proper averments, to obviate the objection to the complaint, above suggested.

All that I can now decide is, that the demurrer is not frivolous.

Plaintiffs' motion for judgment denied, with $10 costs.