## New York, L. E. & W. R. Co. v. McHenry.

*(Circuit Court, S. D. New York. 1883.)*

1. SUIT BY ASSIGNEE—FOREIGN JUDGMENT—ACTION ON ORIGINAL DEBT—PLEADING—EVIDENCE—BILL OF PARTICULARS.

Where. a plaintiff is assignee of the original cause of action, such transfer to him is one of the facts constituting the cause of action, and should be properly alleged in the pleadings ; but where a judgment has been obtained in a foreign court, and the action is brought on the original debt and not on the judgment, and defendant has been fully advised by a bill of particulars of the nature of plaintiff's claim, the court, on motion for new trial, may allow the pleadings to be amended *nunc pro tunc*, so as to render admissible the testimony showing the transfer or assignment of the claim to plaintiff offered on the trial.

2. SAME—FOREIGN JUDGMENT—MERGER OF ORIGINAL DEBT.

As the original debt is not merged in a judgment rendered in a foreign court, a certified copy of such judgment may be used as evidence by either party, in a suit on the original cause of action, without a formal allegation in the pleadings ; and if it settles the whole controversy between the parties it ought to be held conclusive.

3. DOMESTIC JUDGMENTS—FOREIGN JUDGMENTS—EFFECT.

The authoritative character of a domestic judgment is founded,·among other reasons, on the constitutional provision which guaranties full faith and credit to the records and judicial proceedings of every state, while the rule as to foreign judgments rests upon considerations of comity; and though they are treated by the courts, in respect to their conclusiveness, as entitled to the same weight as domestic judgments, they do not, to the same extent as a domestic judgment, extinguish the original contract debt.

At Law.

*W. W. MacFarland* and *Wm. G. Choate*, for plaintiff.

*Stephen P. Nash* and *B. F. Dunning*, for defendant.

Coxe, J. This action was tried in New York at the last April circuit, and resulted in the direction of a verdict in favor of the plaintiff for $1,496,823.96. The defendant now moves for a new trial. The complaint is in the following words:

"The plaintiff in the above-entitled action, complaining of the defendant, alleges that the defendant is indebted to the plaintiff in the sum of $1,307,-289.17, with interest thereon from the eighth day of July, 1879, in respect of so much money before that time had and received by the defendant to and for the use of the plaintiff, and the plaintiff demands judgment for the sum aforesaid, with interest from the date aforesaid, besides costs."

Subsequently, and before the answer was received, the plaintiff served a bill of particulars, which, after setting out in detail the items of the claim, contained a note or memorandum stating that the figures were taken from an account rendered in an action pending in the high court of justice, chancery division, in England, brought by the Erie Railway Company and Hugh J. Jewett, as receiver, against the defendant; and that the plaintiff was afterwards admitted as a party plaintiff to the English suit. It then proceeds as follows:

"In the said action, * * * after a full accounting, the defendant was. on the eighth day of July, 1879, found to be indebted, on account of such receipts, in a balance amounting to £268,989 10s. 10d., for which interlocutory judgment was rendered against said defendant on said day, and to recover which balance this action is brought."

The defendant, by his answer, denies that he is indebted to the plaintiff in the sum stated in the complaint, or in any sum whatever. He alleges that from May, 1872, to December, 1875, he had various dealings and transactions with the Erie Railway Company, and on the first day of January, 1876, the said company was and still is indebted to him for services, and for money expended by him on its behalf, over and above all credits, in the sum of $850,000; that the plaintiff has no right or interest in the claims sought to be recovered, except by assignment from the Erie Company; and he insists upon his right to recoup, so far as may be necessary, his claim against said company.

The plaintiff's proof consisted—*First*, of a certified copy of the English judgment before referred to; and, *second*, of evidence, documentary and oral, showing a transfer to the plaintiff of the demand established by the judgment. The evidence was received under numerous objections and exceptions taken by the defendant. It was urged at the trial, and it is urged now, that the complaint does not state facts sufficient to constitute a cause of action, but simply a conclusion of law; that no transfer to the plaintiff being alleged, none can be proved; that the plaintiff should not have declared on the debt, but on the judgment; that the judgment is not a final, enrolled decree, but interlocutory simply; that the record is incomplete and the certificate insufficient.

The questions then to be considered are: *First.* Are the averments of the complaint sufficient? If not, are the defects of such a character as to require a new trial to correct them? *Second.* Should the English record have been received, and is it conclusive evidence of the facts therein adjudicated?

The cause of action accrued, not to the plaintiff, but to the Erie Railway Company; the plaintiff obtained it by purchase. The title having been originally in another, the transfer was one of the facts constituting the cause of action, and should have been alleged. It was necessary to aver and prove that the plaintiff was the real party in interest. The transfer was a traversable fact; unless it was proved, no cause of action was established. The defendant was entitled to be informed by the pleadings of the facts upon which the demand against him rested. *Russell* v. *Clapp,* 7 Barb. 482; *O'Neill* v. *Railroad Co.* 60 N. Y. 138, 143; *Scofield* v. *Whitelegge,* 49 N. Y. 259; *Horner* v. *Wood,* 15 Barb. 371; *Sheridan* v. *Jackson,* 72 N. Y. 170; *Prindle* v. *Caruthers,* 15 N. Y. 425; *Martin* v. *Kanouse,* 9 Abb. Pr. 330; *Thomas* v. *Desmond,* 12 How. Pr. 321; *White* v. *Brown,* 14 How. Pr. 282; *Parker* v. *Totten,* 10 How. Pr. 233; *Adams* v. *Holley,* 12 How. Pr. 330. Nor is this objection obviated by the suggestion that the decree in the English suit —this plaintiff having been admitted as a party—is an adjudication that the defendant is indebted to it. This would be cogent reasoning if the action had been upon the judgment and not on the original debt,—a debt due to the Erie Railway Company and not to this plaintiff.

It was deemed necessary at the trial to present proof of the transfer. If the proof was essential, as it undoubtedly was, then a suitable allegation was required to support it. It is thought, however, that this omission can be supplied by amendment; that for a reason so inconsiderable the court would hardly be justified in sending the plaintiff back for a new trial. The defendant was not surprised; he knew precisely what the cause of action was; the bill of particulars, which may be regarded as a part of the complaint, duly apprised him of the exact nature of the plaintiff's claim. His answer shows that he was not ignorant of it, Indeed, it was stated at the trial that defendant's motion for a commission was opposed solely on the ground that the English judgment was conclusive, and no evidence could be given by the defendant to dispute it. The case is still before the trial court, the cause of action will not be changed by the proposed amendment, and it would seem very clear that it is the duty of the court to permit the plaintiff to conform the pleadings to the proof, rather than to pursue a course which will only tend to prolong the litigation without change of result.

Sections 539, 540, 721–4, of the Code of Civil Procedure, seem to afford ample authority for such relief as is here contemplated. To quote the language of Judge FOLGER in *Reeder* v. *Sayre,* 70 N. Y. 180, 190:

"The power of amendment of the pleadings is great under the Code. The real limitation to it seems to be, that the amendment shall not bring in a new cause of action. An amendment, in this case at trial, allowing the plaintiffs to aver their character as surviving partners, instead of tenants in common, would not change the cause of action. That remained the same, and required no different proof and no additional parties. It needed only that the character, or right in which the plaintiffs sued, should be differently averred. This could have been done at trial. It does not appear that it was done; but as it might have been done, it may be done now, *nunc pro tunc.*"

See, also, *Thomas* v. *Nelson*, 69 N. Y. 118; *Knickerbocker Ins. Co.* v. *Nelson*, 78 N. Y. 137; *Abbott* v. *Jewett*, 25 Hun, 603; *O'Niell* v. *Railroad, supra; Harris* v. *Tumbridge*, 83 N. Y. 92.

The questions arising upon and having reference to the judgment record remain now to be considered. In the spring of 1876, the Erie Railway and Hugh J. Jewett, as receiver, commenced an action in the high court of justice of England—chancery division—against this defendant. The judgment demanded was—*First*, for £285,870 for bonds sold and delivered by the Erie Company to the defendant; and, *second*, that an account of all dealings and transactions between the parties be taken, and the defendant directed to pay over the amount found to be due. The account was taken, with great care and attention to detail, and on the seventeenth day of April, 1879, the official referee made his report. On Tuesday July 8, 1879, the report was presented to the court; it was altered and amended in various particulars, and, as so varied, was adopted. The order of the court contained, *inter alia*, the following direction: "That the defendant, James McHenry, do, on or before the eighth of August, 1879, pay to the plaintiffs, the Erie Railway Company, the sum of £268,989 10s. 10d." Subsequently,—on Tuesday, June 25, 1881,—upon motion, by way of appeal, this order was affirmed, subject to certain variations, which apparently do not affect the defendant's obligation to pay the sum above mentioned. The record is certified by Mr. Jenkins and other masters of the court, whose signatures are attested by the lord high chancellor, with the great seal of England attached, and his signature is, in turn, proved by the American consul general at London.

It is said that the decree is not final. This is, perhaps, true as to some of its provisions, but as to the item sued on there seems to be nothing left for future consideration. No inquiry as to any matter of law or fact is reserved. The sum stated is found to be due, and the defendant is directed to pay. No other or further decree is necessary to give this direction force, and make it operative. It is also contended, that the judgment is either conclusive evidence or it is not; if conclusive, the original cause of action is merged, and the suit should have been upon the judgment; if not conclusive, the court was in error in excluding evidence disputing it. The law as laid down in the *Duchess of Kingston's Case* seems to be the law to-day: that a judgment of a court of competent jurisdiction directly upon the point

involved is, as a plea, a bar; as evidence, conclusive. The rule which gives to domestic judgments their authoritative character is founded, among other reasons, upon that provision of the organic law which guaranties full faith and credit to the records and judicial proceedings of every state. The rule as to foreign judgments rests upon considerations of comity, and though treated by our courts, in respect to their conclusiveness, as entitled to the same weight as judgments of our own country, (*Lazier* v. *Westcott,* 26 N. Y. 146,) yet no authority has been furnished holding that a foreign judgment, to the same extent as a domestic judgment, extinguishes the original contract debt. On the other hand, it has been decided, in a number of well-considered adjudications, that the original debt is not merged, and that the judgment may be used as evidence either by plaintiff or defendant, without a formal allegation in the pleadings. To adopt the language of Judge CURTIS: "There is some uncertainty concerning some of the effects of a foreign judgment. * * * But there is none as to this particular. It does not operate as a merger of the original cause of action. The fact that *assumpsit* lies on a foreign judgment is decisive that the demand has not passed into a security of a higher nature, so as to operate as a technical merger." *Lyman* v. *Brown,* 2 Curt. C. C. 559, and cases cited. See, also, as bearing on the questions involved: Freeman, Judgm. § 220; *Welsh* v. *Lindo,* 1 Cranch, C. C. 508; *Ridgway* v. *Ghequier,* 1 Cranch, C. C. 87; Big. Estop. (3d Ed.) 246–252; *French* v. *Neal,* 24 Pick. 55; *Offutt* v. *John,* 8 Mo. 120; *Smith* v. *Nicolls,* 7 Scott, 147; *Doty* v. *Brown,* 4 N. Y. 71; *Calkins* v. *Allerton,* 3 Barb. 171.

If the judgment is admissible as evidence, what reason can there be for saying that its effect and weight must depend upon the form of the pleadings? If the judgment settles the whole controversy, it ought to be held conclusive.

I have examined with care the other objections argued, but do not consider any of them well taken. It is doubtless true that the plaintiff, by the adoption of an unusually laconic style of pleading, has been subjected to criticism and been brought into dangerous proximity to serious obstacles, which, had another course been taken, might quite likely have been avoided. Though the questions involved in this motion are by no means free from doubt, it is thought that no sufficient reason has been advanced to justify the court in setting aside the verdict. If injustice to the defendant is attempted on the execution, a case for the further consideration of the court, by motion or otherwise, may be presented. It is not improbable that in arriving at these conclusions the court has been somewhat influenced by the fact —a fact conceded by the learned counsel for the defendant—that the objections interposed are of a formal and technical character. When such objections are urged to defeat an unconscionable claim or prevent injustice, they are entitled to vastly greater weight than when directed to the accomplishment of no such advantageous result. In

the case at bar, there is visible, through all these technicalities and perplexities, the fundamental and indisputable fact, that, after years of arduous litigation, a court of the defendant's own domicile has adjudged him indebted to the plaintiff's predecessor in the sum demanded in the complaint.

The motion is denied.