

Archibald Fletcher, by serving him, the said William Easby, as an apprentice, for the term of one hundred and fifty working days, commencing on the 3d day of May next. And in case the said Archibald Fletcher should refuse to obey this order, the said William Easby will have leave to apply to this court for an attachment of contempt or other process to enforce the same, for which purpose this cause will be continued from term to term until the further order of the court.

---

## Case No. 4,251.

### The EAST.

[9 Ben. 76.] [1]

District Court, N. D. New York. March, 1877.

WALLACE, District Judge. Upon the facts stipulated, it appears that the East was a Canadian vessel, seized within the territorial boundaries of New York, while upon the St. Lawrence river, bound on a voyage between Canadian ports. The position, that this court will deal with the offending thing when brought within its jurisdiction, irrespective of the circumstances under which jurisdiction is acquired, is not tenable, to the extent urged by the libellants. This court should refuse to entertain jurisdiction where the offending vessel was seized in Canadian waters and wrongfully brought within the territorial jurisdiction of the court, and would not allow its own process to be used to invade the domain of a foreign sovereignty, and would decline to enforce a jurisdiction so obtained. But, although the waters of the St. Lawrence, upon which the seizure was made, are a highway, and, as such, common, for the purposes of navigation, to both Canada and the United States, that portion of the river within which the seizure was made is within the territorial limits of New York, and, therefore, within the territorial jurisdiction of this court; and, this being so, the character of the vessel, or

Joseph H. Bradley, for petitioner.

Brent & Brent, for respondent.

OPINION OF THE COURT. It appears that the respondent, Archibald Fletcher, was, on the 19th day of February, 1838, lawfully bound out by his father as an apprentice to the petitioner, William Easby; the said Archibald being then 19 years and 11 months of age; and that by the terms of said indenture, the time which he had to serve expired the 18th day of January, 1840; and that during the said time which he had to serve as aforesaid, he absconded from his said master, and absented himself from the service of his said master from the 26th day of March, to the 22d day of May, 1839, and from the 27th day of August, 1839, to the 18th day of January, 1840, making in all 150 working days. The court, therefore, on this 27th day of April, 1841, upon the petition of the said William Easby, and upon the appearance of the said Archibald Fletcher, and upon full hearing of the parties by their counsel, doth award and order that the said Archibald Fletcher make compensation to the said William Easby, for his loss of the services of the said

of her voyage, or of the waters whereon she was seized, is of no materiality. The vessel was subject to seizure during all that portion of her voyage which was made within the boundaries of New York.

It appears that the libellants commenced an action at law against the owners of the vessel, in the court of queen's bench in Canada, and recovered judgment for the damages sustained by the collision which is the cause of action set forth in the libel. That judgment, I hold, is not a bar here. The libellants had a maritime lien arising from the collision. They had a right also to proceed in personam. Their lien was not merged in the judgment recovered in the Canadian court. Their cause of action was not satisfied by the recovery of the judgment. Until satisfaction, they have the right to enforce their lien.

The judgment of the court of queen's bench is, however, res adjudicata as to the extent of the libellants' damages sustained by the collision, and, as evidence of the amount the libellants are entitled to recover, it is conclusive.

The claimant, as the official assignee in insolvency of the owners of the vessel, has the right to intervene, and has sufficiently pleaded his right.

A decree is ordered for the libellants, in accordance with the views here expressed. I have not deemed it necessary to pass specifically upon the several exceptions to the claim and answer filed, as, under the stipulation of the parties, all the facts necessary to a decision of the case upon its merits are presented. Costs are awarded to the libellants.

## Case No. 4,252.

EASTBURN et al. v. YARDLEY.

[30 Leg. Int. 404;[1] 5 Leg. Gaz. 381.]

Circuit Court, E. D. Pennsylvania. Nov. 21, 1873.

---

[1] [Reprinted by permission.]

Abraham H. Jones, for complainants.

George Lear, for execution creditor and sheriff.

The following interlocutory decree was made by CADWALADER, District Judge:

The court, as at present advised, does not see sufficient cause to order a temporary injunction, except as to the personal effects levied upon; nor as to those effects for any reason that should prevent them from being ultimately liable to the execution. But forasmuch as the execution creditor may have a twofold security on real estate, as well as on the said personal effects, and the creditors in bankruptcy only a single security, to wit: on these effects, and a brief period ought therefore, to be allowed the said creditors to pay the execution creditor, and obtain a transfer of her judgment and execution, or to enable them to obtain such other equitable relief as may not impair her rights. Therefore the defendant, Elizabeth Yardley, execution creditor as aforesaid, is restrained, until further direction, from proceeding under the said execution, as to the said personal effects, so, however, as not to impair any security under the levy thereon, which is to stand and avail her against the assignee and estate in bankruptcy, as if this order had not been made.