SWIFT et al. v. DAVID.

(Circuit Court of Appeals, Ninth Circuit.   October 3, 1910.)

No. 1,823.

1. JUDGMENT (§ 831*)—FOREIGN JUDGMENT—MERGER—BAR.
     A judgment in personam in a court of a foreign country, while con-
   stituting a good cause of action in a domestic court, does not merge the
   original cause of action or extinguish the original contract debt, and is
   therefore no bar to an action thereon in a domestic court, unless it has
   been paid or satisfied.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1519–1522;
   Dec. Dig. § 831.*]

2. JUDGMENT (§ 875*)—BAR—SATISFACTION—APPEAL BOND.
     A bond conditioned to pay a foreign judgment in case it should be
   affirmed on appeal taken in the foreign jurisdiction did not constitute
   such a payment or satisfaction as would bar a suit on the original cause
   of action in a domestic court.
     [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 875.*]

In Error to the Circuit Court of the United States for the Northern
Division of the Western District of Washington.

Action by Lester W. David against Edward F. Swift and others.
Judgment for plaintiff, and defendants bring error.   Affirmed.

Chas. F. Munday, for plaintiffs in error.
McCord & Kerr, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON,
District Judge.

GILBERT, Circuit Judge.   In September, 1908, the defendant in
error brought an action in a state court of the state of Washington
against the plaintiffs in error to recover the sum of $77,500 on a con-
tract of sale of certain shares of stock in a corporation of British
Columbia.   The cause was removed to the United States Circuit Court
for the Western District of Washington on the ground of diversity
of citizenship.   In that court a supplemental complaint was filed, to
which an answer was made, in which the plaintiffs in error set up a
counterclaim for $244,291.79, and on September 27, 1909, a reply
was filed.   After the issues had been made up and the cause assigned
for trial, the plaintiffs in error filed a motion to dismiss their counter-
claim without prejudice.   The motion was allowed, and on the same
day the plaintiffs in error asked leave of the court to file a proposed
supplemental answer, in which they alleged that prior to the com-
mencement of that action they, as plaintiffs, had commenced an
action against the defendant in error in the Supreme Court of
the Province of British Columbia, Dominion of Canada, a court of
record of common-law jurisdiction in which they had alleged a cause
of action which was identical with their counterclaim in the present
action, and that the defendant, in answer thereto, had alleged as a
counterclaim thereto his demand for $77,500 on which he sued in the
present action, and that upon issues so framed in that court the cause

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had been tried and judgment had been rendered on December 4, 1909, in favor of the said defendant in error herein for $77,500, and dismissing the complaint of the plaintiffs in that action; that thereafter, on December 6, 1909, the plaintiffs in said action took their appeal to the Court of Appeal of British Columbia from so much of said judgment as dismissed their complaint, but that no appeal was taken from the judgment so rendered in favor of the defendant in error on his counterclaim therein; and that subsequently, on the demand of said defendant in error, they gave security to the satisfaction of the registrar for the payment of said judgment in all respects, which security was approved and accepted by the defendant in error, and is now in full force and effect, and in said proposed supplemental answer, the plaintiffs in error prayed that no further proceedings be had or taken in the action, and that the complaint be dismissed. The court denied the application for leave to file the supplemental answer, and thereafter the cause was tried on January 6, 1910, and judgment was rendered in favor of the defendant in error and against the plaintiffs in error for the sum of $86,798.62.

The plaintiffs in error rely upon the assignment that the trial court erred in denying their application for leave to file the supplemental answer, and they contend that the judgment of the court of Canada, which the defendant in error secured upon the same cause of action which he alleged in the present case, should have been held a bar to the further prosecution of the latter action, and that the undertaking given to secure the judgment of the Canadian court should be held equivalent to the payment and satisfaction thereof. A judgment in personam in a court of a foreign country, while it constitutes a good cause of action in a domestic court, does not merge the original cause of action or extinguish the original contract debt, and it is no bar to an action thereon in a domestic court unless it has been paid or satisfied. Australasia Bank v. Nias, 16 Q. B. 717; Trevelyan v. Myers, 26 Ont. 430; New York, L. E. & W. R. Co. v. McHenry (C. C.) 17 Fed. 414; Wood v. Gamble, 11 Cush. (Mass.) 8, 59 Am. Dec. 135; Eastern Townships Bank v. Beebe, 53 Vt. 177, 38 Am. Rep. 665; The Propeller East, 9 Ben. 76, Fed. Cas. No. 4,251; Lyman v. Brown, 2 Curt. 559, Fed. Cas. No. 8,627. In the case last cited Judge Curtis, after referring to the fact that there is some uncertainty concerning some of the effects and force of a foreign judgment, said:

"But there is none as to this particular. It does not operate as a merger of the original cause of action. The fact that assumpsit lies on a foreign judgment is decisive that the demand has not passed into a security of a higher nature, so as to operate as a technical merger."

No exception to the rule is created by the fact that the supplemental answer in the case at bar shows that security has been given for the payment of the judgment of the Canadian court. If security for the absolute and unconditional payment of the judgment had been voluntarily accepted by the defendant in error, a different case would be presented, for a party may not twice obtain payment of the same demand. But all that was done was to stay the execution of the judgment by means of an undertaking whereby the plaintiffs in error

bound themselves to pay the judgment within 10 days after the judgment of the Court of Appeal, "unless said judgment be such as to disentitle the defendant to receive such amount." In other words, the undertaking is merely a supersedeas bond on appeal, and is not security for, or satisfaction of, the judgment.

The judgment of the court below is affirmed.