Argued at Pendleton November 1, affirmed December 20, 1921.

# HOOPER *v.* PENNICK.

(202 Pac. 743.)

**Appeal and Error — Objection to Trial of Issues cannot be First Raised on Appeal.**

1. In an action on an award of arbitrators, an objection by defendant that the trial court did not try his equitable defense of fraud prior to the law action, and not in the presence of a jury, not being made at the trial, cannot be urged on appeal.

**Arbitration and Award — Presumption is in Favor of Fairness of Awards.**

2. Every presumption is in favor of the fairness of awards, and they are reluctantly set aside.

**Arbitration and Award—Burden of Proof is on Party Seeking to Set Aside Award.**

3. The burden of proof is on the party seeking to set aside an award to do so by clear and strong proof.

**Appeal and Error—Remark of Trial Court to Jury Held not to Constitute Reversible Error.**

4. In an action on an award of arbitrators, a remark of the court while instructing the jury, "You will notice that the object of this arbitration was to prevent a lawsuit, but a lawsuit happened just the same," does not constitute reversible error.

**Arbitration and Award—Charge That Award was Binding on All Parties as to All Matters Contained Therein Held Correct.**

5. A charge that an award was binding on all parties as to all matters contained therein, with an explanation that, if the jury found that items included in defendant's counterclaims were not contained in the terms of arbitration as submitted to the arbitrators, they should deduct the amount due the defendant thereon from the amount of the award, was as favorable to the defendant as the law will permit, and was not erroneous.

From Union: J. W. KNOWLES, Judge.

In Banc.

In August, 1919, the defendant leased to plaintiff by verbal lease his Red Apple Farm in Union County, Oregon, for the period of one year. The stock of the defendant and plaintiff were to be kept on the farm. Under the terms of the lease, plaintiff was to culti-

vate the farm and harvest the crops at his own expense, and at his own expense to do all the repair work in keeping up the fences on the farm, defendant to furnish material therefor. As rental the plaintiff was to deliver to defendant one half of all crops grown on the farm.

Differences between the parties, growing out of this lease, arose, and on August 26, 1920, the parties entered into the following arbitration agreement in writing:

"I, S. A. Pennick and J. W. Hooper, having some trouble in making a settlement of the differences between us, pending a verbal lease between us, and in order to avoid any lawsuit or expense in coming to a settlement between us, each of us does hereby agree to arbitrate the difference, and each of us agrees to pick one man and if they cannot agree, they to pick the third man, and each of us hereby agrees to settle and abide by the decision come to by said arbitration."

These arbitrators met and duly qualified, and after hearing and considering the claims and evidence of the parties made the following award:

"S. A. Pennick and J. W. Hooper:

"We, Henry T. Hill and L. A. Stoop, as arbitrators chosen by you to settle the difference between yourselves, have decided that a fair and just settlement between you would be:

"That S. A. Pennick pay J. W. Hooper the sum of two hundred and twenty-five dollars ($225), and Hooper to give full possession within ten days from this date, S. A. Pennick to have all the hay on the place now, and Hooper to remove his personal property and stock belonging to him.

"(Signed)  HENRY T. HILL,
"L. A. STOOP."

A copy of this award was immediately furnished to each of the parties, and J. W. Hooper immediately complied with the terms of the award by removing from the premises. S. A. Pennick failed and neglected to comply therewith or to pay to J. W. Hooper any part of the sum of $225. Thereafter, on December 20, 1920, J. W. Hooper, as plaintiff, commenced this action to recover the award in the sum of $225 from the defendant, S. A. Pennick.

The defendant filed his answer to the complaint in the action, denying the allegations thereof except as thereinafter alleged, and then set up three counterclaims thereto, one for expenses in repairing fences on the premises in the sum of $63.25, one for the sum of $9 for one-half barrel of vinegar produced from apples grown on the premises, and one for the sum of $187.50 for the one half of 12½ tons of hay on the farm at the date of the lease. In addition thereto defendant set up in his answer an equitable defense for fraud on the part of the plaintiff in the measurement of certain hay left on the place at the time of the award. These affirmative counterclaims and defense were put in issue by the reply.

Thereafter a jury was duly empaneled to try this law action, and the testimony, both upon the law and the equity side of the case, was taken and submitted at the same time without objection, it being tacitly agreed that the court would determine the equitable defense and the jury the facts involved in the law action.

After the testimony was all in, and the arguments made, the court instructed the jury, to the effect, that it was for the court to decide the matter of the equitable defense; that the jury had nothing to do with that; "and the court now decides that the de-

fendant has not made out a sufficient case to impeach the award for fraud as alleged in the answer.''

The court gave the jury, among others, the following instructions:

''I further instruct you that there is nothing in the evidence or record in this case to sufficiently impeach this award, and that the same is binding upon the parties to this action. * *

''In this connection I instruct you that if you find that these items of counterclaim were not within the scope of the authority of the arbitrators, and were not considered by them, then you may allow as an offset to the plaintiff's cause of action, any amount you may find due defendant upon these several items.''

The verdict and judgment were for the plaintiff for the sum of $225, the amount of the award with interest from the date of the award. From this judgment the defendant appeals to this court.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Jno. S. Hodgin.*

For respondent there was a brief and oral arguments by *Mr. T. H. Crawford* and *Mr. Robert S. Eakin.*

BEAN, J.—1. Objection is made by defendant because the court did not try the equitable or fraud defense prior to the law action and not in the presence of the jury. No objection was made by defendant at the trial on account of this procedure which was had to save time. It is now too late for defendant to complain. The defendant tacitly consented to try the equitable defense and the defendant's counter-

102 Or.—25

claims at the same time. The court merely rendered its decision, which was tantamount to informing the jury that the award was conclusive upon the parties as to all matters submitted to the arbitrators.

There was no error in this regard. See, as somewhat in point, *Small* v. *Lutz,* 41 Or. 570 (67 Pac. 421, 69 Pac. 825) ; *Cody Lbr. Co.* v. *Coach,* 76 Or. 106 (146 Pac. 973).

We concur in the finding of the Circuit Court as to the equitable defense.

Defendant claims the plaintiff fraudulently represented that there were about 18 tons of hay in the barn on the leased premises, for which defendant was charged for one half or nine tons when there were only six tons, for which defendant should have paid for one half or three tons only. Defendant and plaintiff measured the hay, and defendant computed the amount and furnished the arbitrators with figures showing there were eight tons and 1,520 pounds in Hooper's half. The hay afterwards settled, and there is a discrepancy in the measurements and estimates made two or three months afterwards. Defendant Pennick claims that poles were placed under the hay for the purpose of deception. Hooper denies any deceit. He did not figure the amount of the hay, but says there were 25 loads of about 1,500 pounds of hay each. Defendant's second measurement was made after the hay was used, from marks on the barn, and is but little better than an estimate. From the typewritten testimony we cannot say there was any fraud in the matter on plaintiff's part. The trial judge saw and heard the witnesses in the case, and his. findings are entitled to great weight. The award in question embraced numerous complicated farm and stock transactions, and was not impeached

by defendant. Hooper complied with the award, and moved off the premises, leaving his share of the hay on the place. Pennick received the benefit of his acts.

2, 3. Awards are favored in law, and reluctantly set aside. Every presumption is in favor of their fairness. The burden of proof is on the party seeking to set them aside to do so by clear and strong proof: *Brush* v. *Fisher,* 70 Mich. 469 (38 N. W. 446, 14 Am. St. Rep. 510); *Roberts* v. *Consumer's Can Co.,* 102 Md. 362 (62 Atl. 585, 111 Am. St. Rep. 377).

We read in 2 R. C. L., page 398, Section 40:

"If the actions of a party, with full knowledge of all the facts, are such as to amount to an acceptance of an award, he will be held to have waived his right to object thereto. One receiving the fruits of an award should not be allowed thereafter to question its validity."

We find the following in 2 R. C. L., page 386, Section 32:

"The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth *res judicata,* on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy. And this has been held true even in a case in which one of the parties neglected to present portions of his claim. He had his chance, and, after the award, was concluded thereby, and could secure no relief."

There is no claim of improper conduct on the part of the arbitrators. It may be that neither party pre-

sented his case as thoroughly as it might have been portrayed to the arbitrators, but that is not to be expected in a proceeding of that kind. No valid reason appears from the record for setting aside the award.

4. Defendant reserved an exception to the following remark, made by the court while instructing the jury:

"You will notice that the object of this arbitration was to prevent a lawsuit, but a lawsuit happened just the same."

The court stated what the jury must have known from the proceedings at the trial. It was a mere comment on the efficiency of such an award. It was as fair to one of the parties as to the other. Whether it was strictly necessary or not, it was not a reversible error.

5. Error is predicated upon the charge to the jury to the purport that the award was binding upon the parties as to all matters embraced in the award. The court fully explained to the jury that if they found that the items included in defendant's counterclaims "were not embraced in the terms of the arbitration as submitted to the arbitrators," they should deduct the amount due defendant thereon from the amount of the award. This was as favorable to the defendant as the law will permit.

The testimony tended to show that all of defendant's claims were fairly presented to the arbitrators, and embraced in, and settled by the award. There was no error in the charge to the jury.

Finding no error in the record the judgment and decree of the Circuit Court are affirmed.

AFFIRMED.