195 P.2d 346

**H. S. CRAMER & CO., Inc. v. WASHBURN-WILSON SEED CO.**

No. 7423.

Supreme Court of Idaho.

June 25, 1948.

E. G. Elliott, of Boise, for appellant.

Estes & Felton, of Moscow, for respondent.

MILLER, Justice.

December 23, 1946, the H. S. Cramer Co., a New York corporation, plaintiff, filed its complaint in the District Court of Latah County, State of Idaho, against the Washburn-Wilson Seed Co., defendant, an Idaho corporation with its principal place of business at Moscow, Idaho, and in which it is alleged, that on the 7th day of May, 1946, because of disputes and differences existing between said parties concerning claims and allowances made by plaintiff against defendant under certain contracts theretofore entered into between said parties, being Contract No. 1353 of December 4, 1945, and No. 1361 of January 14, 1946; and that on said May 7, 1946, plaintiff and defendant entered into an agreement in

418

writing to submit the disputed matter to the award of the arbitration committee, appointed in the city of Seattle, Washington, by the National American Wholesale Grocers Association, the National Food Brokers Association and endorsed by the National Canners Association. Said arbitration commission consisted of three named arbitrators, a copy of which agreement and summation is attached, marked "Exhibit A" and made a part of the complaint. (Exhibits "A" and "B" are transposed).

Thereafter, the arbitrators, having qualified, heard the plaintiff and defendant on their said disputed matters and on the 3rd of June, 1946, at Seattle, Washington, made and published their award in writing of and concerning the matters so referred and thereafter said arbitrators awarded and declared that defendant was justly indebted to plaintiff in the sum of $1580.21 for the claims and allowances aforesaid, a copy of which said award is marked "Exhibit B" and made a part of said complaint.

The plaintiff alleges that on or about June 10, 1946, it gave notice of said award to the defendant and demanded payment of the said sum of $1580.21 so awarded as aforesaid; that the defendant has not paid the same, or any part thereof, save and except the sum of $600 and that there is now due and owing the plaintiff from the defendant the sum of $980.21 with interest thereon from the 3rd day of June, 1946.

The agreement of arbitration "Exhibit B", is signed by the respective parties with the corporate seals affixed. Said "Exhibit B" in connection with other matters shows that the parties thereto agree to abide by the decision of the arbitration committee and that the findings of said arbitration committee shall be binding upon them, their representatives, successors and assigns as affectively as would a decision of the court of last resort in the state of Washington and that said arbitration committee is authorized and empowered to determine what allowance, if any, shall be awarded and said parties agreed "that the party against whom the allowance be awarded shall promptly pay the amount thereof to the other."

"Exhibit A", signed by the arbitrators, shows that there was voluntarily submitted the matters under controversy, consisting of a vast number of items and amounts in connection therewith, between the parties named by an agreement in writing, duly signed and attested, and which was made their findings and award to the effect that H. S. Cramer and Co. Inc., 202 Produce Exchange, New York 4, New York, known as purchaser, should be reimbursed in the sum of $980.21.

January 7, 1947, the defendant filed its demurrer to plaintiff's complaint and among other alleged grounds of demurrer stated: "That the court has no jurisdiction of the subject of the action."

October 10, 1947, the issue of law having been duly submitted to the court by the plaintiff and defendant, the district judge sustained said demurrer upon the ground that the court was without jurisdiction of the matter, and ordered adjudged and decreed that the plaintiff take nothing by this action and that the same be dismissed.

January 5, 1948, notice of appeal from the order and judgment of dismissal of the action was filed and served.

Appellant submits three specifications of error, all of which relate to the same matter that is, that the court erred in dismissing said action for and upon the ground that it had no jurisdiction of the matter. The only question submitted for consideration is, "Did the district court have jurisdiction of the subject of the action?"

At page 3 of respondent's brief, it is said, "Defendant-respondent filed a demurrer to the complaint on several grounds (p. 16, fol. 40-41-42), but the court did not pass on any of the grounds for demurrer, or motion, except the demurrer on the ground that the court had no jurisdiction of the matter (p. 19, fol. 48-49)."

From the above it is made to appear that the respondent recognizes that a jurisdictional question is all that is now involved and has attempted to maintain that theory. In support thereof respondent quotes sec. 422 of Remington's Revised Statutes, being the Washington Code, to-wit:

"Sec. 422 How arbitration conducted. The said arbitrators shall be duly sworn to try and determine the cause referred to them, and a just award made out, under the hands and seals of a majority of them, agreeably to the terms of submission. Said award, together with the written agreement to submit, shall be sealed up by the arbitrators and delivered to the party in whose favor it shall be made, who shall deliver the same, without breaking the seal, to the clerk of the superior court of the county where said arbitration is held, who shall enter the same on record in his office. A copy of the award, signed by said arbitrators, or a majority of them, shall also be delivered to the party in whose favor it is rendered, who shall, if the matter be not settled, serve a copy of the same on the adverse party, and if no exceptions be filed against the same within twenty days after such service, judgment shall be entered as upon the verdict of a jury, and execution may issue thereon, and the same proceedings [may be had] upon said award, with like effect as though said award were a verdict in a civil action."

Section 422, quoted in respondent's brief is a part of the compilation of the Washington Code of 1881, as section 266. Section 266, aforesaid, was carried into and became a part of Remington and Ballinger's Annotated Code and Statutes of 1910 of Washington as Section 422, Chapter 13, "Arbitration, And Judgment Thereon."

By chapter 138, Session Laws of 1943, sections 420 to 430, inclusive, and being within sections 264 to 274, Washington Code of 1881 were repealed and by said chapter there was enacted acts covering the subject of "Arbitration Of Actions For Legal Or Equitable Relief."

Chapter 138 of the Session Laws of 1943 was carried into and became a part of Remington's Revised Statutes of Washington as Chapter 13, and included Sections 430—1 to 430—23, inclusive, Rem.Supp.1943, as enacted in 1943. Section 430—1, aforementioned, was amended by Chapter 209, Section 1, page 890, Session Laws 1947, to read: "Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this act, any controversy which may be the subject of an action existing between them at the time of the agreement to submit, or they may include in a written agreement a provision to settle by arbitration any controversy thereafter arising between them out of or in relation to such agreement. Such agreement shall be valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement. * * *" Rem.Supp.1947, § 430—1.

Chapter 209 of the 1947 Session Laws is carried forward and made a part of Remington's Revised Statutes of Washington and is Chapter 13, page 28, thereof.

There is a provision in the 1943 supplement (430—10) that either party shall have the right to be represented by attorney; that the award shall be in writing (430—14) signed by the arbitrators or a majority of them, who shall promptly deliver a copy of the award to each of the parties or their attorneys; that any time within one year after the award is made, unless the parties shall extend the time in writing, any party to the arbitration may apply to the court for an order confirming the award, (430—15) and the court shall grant such an order unless the award is vacated, modified or corrected, as provided in sections 16 and 17 (430—16, 430—17).

There is nothing in the Washington law that is now similar or features the provisions contained in section 422 heretofore repealed, and under the existing law of the State of Washington parties may proceed just as the parties in the instance case proceeded and obtain a valid award without resort to the courts.

It is manifest that the trial court dismissed the action under the mistaken belief that section 422 was a part of the Washington Code and its provisions controlling, and appellant seems to have overlooked said matter. Regardless of other considerations urged by respondent, it may be justifiable to submit some authority in support of the proceeding as a possible aid in the furtherance of said action.

3 Am.Jur. 865, section 37, says:

"In an arbitration proceeding, a submission is a contract, either parol or under

seal, between two or more parties who, for settlement of their respective legal rights and duties, thereby refer disputed matters to the decision of others, by which decision they agree to be bound.

"To serve as the foundation for arbitration, the submission agreement of the parties must embrace everything necessary to give the arbitrators jurisdiction over the parties and the matter in dispute, and to enable them finally to determine the controversy. The parties to an arbitration are free by their submission to clothe the arbitrators with such powers as they may deem it proper to confer, provided they do not violate any rule of law."

The foregoing text is supported by a substantial array of authorities.

In the case of Jacob v. Pacific Export Lumber Co., 136 Or. 622, 297 P. 848, 856, paragraph 14, among things, it is said:

"It is not the province of the courts to substitute their judgment for that of an honest, impartial, and competent arbitrator chosen by the parties, who agreed unconditionally to abide by his decision. [Citing authorities]. Neither a mistake of fact or law vitiates an award. 5 Enc. of Law & Practice, 226-229, and cases above cited.

"The plaintiff speculated and took a chance on the outcome of the award. He is disappointed with the amount of the award. He has no grounds for complaining that he was prevented from introducing all of his testimony. Plaintiff has not shown that the award is tainted with fraud, partiality, or misconduct. See Stemmer v. Scottish Union & National Ins. Co., supra, 33 Or. 65, 49 P. 588, 53 P. 498."

In the case of In re Idaho Gold Dredging Corp., 49 Idaho, 303, 288 P. 641, 646, on petition for rehearing, it is said: "Appellant contends that the itemized statement of damage, furnished by the dredging company prior to the hearing before the arbitrators, conclusively shows that they considered items not embraced within the submission agreement. We think the award does not go beyond the matters in controversy as understood by the parties to be in controversy. As has been said, technical precision is not required in either the submission or the award (5 C.J., p. 36), and the submission will be construed 'with reference to, and in view of, all the surrounding facts and circumstances.' 5 C.J., p. 124. Nor are arbitrators required to find facts or give reasons for their award. In re Connor, 128 Cal. 279, 60 P. 862; Dugan v. Phillips, 77 Cal.App. 268, 246 P. 566. 'The submission, rather than the award, controls the question of what matters were submitted to arbitration.' 5 C.J., p. 117. It appears from the submission agreement that is covered and was intended to include all claims and demands arising out of or by reason of the easement agreement of 1922, applying to the mining claims theretofore worked as well as those not yet worked. The intention was that 'the controversy be fully and finally settled by this arbitration.' "

The case of Hooper v. Pennick, 102 Or. 382, 202 P. 743, is a case in which an award was made; that Pennick pay Hooper the sum of $225; Pennick neglected to pay the sum of $225 and Hooper commenced an action to recover the award in the said sum of $225 from the defendant Pennick. A jury returned a verdict in the sum of $225 and judgment was entered accordingly. On appeal Pennick complained of the instructions, but the Supreme Court held the same were correct. The court quotes from 2 R.C.L. p. 386, #32 [102 Or. 382, 202 P. 744]: " 'The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth res judicata, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy. And this has been held true even in a case in which one of the parties neglected to present portions of his claim. He had his chance, and, after the award, was concluded thereby, and could secure no relief.' "

In the case of Franklin v. Nat C. Goldstone Agency, Cal.App., 188 P.2d 60, 63, a case wherein the statutory provisions are quite similar to those of the state of Washington, and which said case disposes of various questions that might arise in connection with arbitration proceedings. Among other things it is said: "The law favors arbitration. The modern arbitration law, enacted first in New York in 1921 and in California in 1927 (Code Civ.Proc., Sec. 1280-1293), was passed at the behest of business men and business trade associations for the express purpose of providing for self-regulation in business and industry and of making a submission to arbitration valid and irrevocable and with the idea that the courts must enforce them. 46 Harv. L. Rev. 1258, 1262. The proceeding is one before a tribunal selected by the parties in lieu of an action or proceeding for a judgment in an established tribunal of justice. Its object is to avoid, what some feel to be, the formalities, the delay, the expense and vexation of ordinary litigation. It is a substitute for an action in court. It depends for its existence and for jurisdiction of the parties and subject matter upon the voluntary agreement of the parties, the submission. It is subject to limitation only by express provision of law. Formerly the courts were disposed to look with jealousy upon arbitrations. The recent authorities encourage them. Snyder v. Superior Court, 24 Cal.App.2d 263, 267, 74 P.2d 782."

In the case of Penaat v. Guasco, Cal. App., 191 P.2d 564, 568, is a matter incident to jurisdiction that we think worth mentioning, to-wit: "When the facts and legal

points on this appeal are reduced to the real issue—jurisdiction of the trial court—it appears that appellant failed to prosecute her general and special demurrer but claims to have raised the herein enumerated points on a motion for a new trial. If a complaint does not state a cause of action the point may be raised at any time, even on appeal [Statutory provision and authorities] because the question is jurisdictional. This court has previously stated: 'The trial of a law suit is not a game where the spoils of victory go to the clever and technical regardless of the merits, but a method devised by a civilized society to settle peaceably and justly disputes between litigants.' [Citing authority]. The practice of filing a jurisdictional demurrer but failing to call the trial court's attention to the jurisdictional defects results in unnecessary costs to litigants and delay in the administration of justice. As such practice has been declared by the courts permissible it may not be condemned but it can not be commended."

The judgment of the trial court dismissing the action is reversed and remanded with direction to reinstate the action and overrule the demurrer upon the ground for which it was sustained. Costs to appellant.

BUDGE, HOLDEN and HYATT, JJ., concur.

GIVENS, Chief Justice (specially concurring).

I concur that the court had jurisdiction and the demurrer, on the ground sustained, should be over-ruled and the action reinstated. 3 Am.Juris. #155, p. 973; Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453, note 1460.