Jacob Markowitz, J.
Plaintiff originally moved for summary judgment in its favor and defendant cross-moved for summary judgment dismissing the complaint.
A contract between the parties provided for arbitration in London, England. The arbitrator’s award in favor of plaintiff was appealed to the appellate tribunal of the London Corn Trade Association, which rendered an award in favor of plaintiff for a somewhat smaller sum, subject to the opinion of the *652 court on special questions. Defendant’s appeal to the High Court of Justice of England resulted in an affirmance of the award of said appellate' tribunal. A further appeal to the Court of Appeal of England produced a further affirmance. Defendant’s application for leave to lodge a petition of appeal to the House of Lords was dismissed. Defendant paid part of the amount granted to plaintiff by the award. The second amended complaint seeks judgment for the balance.
Under the English Arbitration Act of 1950 an arbitration award may, by leave of the court, be enforced in the same manner as a judgment or order or by institution of an independent action upon the award; Plaintiff chose to sue in the High Court of Justice of England for the balance due under the award and obtained a default judgment against defendant. The original and first amended complaints were predicated not upon the award, but upon the English judgment. In its answer to the first amended complaint, defendant alleged that the English judgment was invalid in this State because the requirements of our law, in regard to obtaining in personam jurisdiction of defendant, had not been satisfied. Plaintiff thereupon amended its complaint by dropping the allegations as to the English judgment and transforming the action from one on the judgment to one on the award.
It is admitted that according to the law of England, any cause of action which plaintiff had by reason of the award was merged in the judgment insofar as England is concerned. It is undenied that the judgment is valid in England. Our law is no different from that of England on the question of merger dealing with domestic judgments.
Upon the present application plaintiff, for the first time, raises the point that the doctrine of merger, though applicable to the judgments of this State and sister States, is not applied to judgments of foreign countries. The authorities support this distinction (Swift v. David, 181 F. 828; New York L. E. & W. R. Co. v. McHenry, 17 F. 414; 3 Freeman on Judgments [5th ed.], § 1502; Sargant v. Monroe, 268 App. Div. 123; 31 Am. Jur., Judgments, § 538). In Sargant v. Monroe (supra) the plaintiff who had obtained an English judgment on an English arbitration award, which judgment could not be enforced here, was nevertheless held entitled to sue upon the award in the courts of this State. This case must be regarded as authority in favor of the present plaintiff.
Accordingly, plaintiff’s motion for leave to reargue is granted. The original decision of this case is recalled, and upon reargument the motion to vacate and set aside the judgment entered *653 herein, on December 16, 1957, in favor of the defendant and against the plaintiff is granted, and the motion for summary judgment upon the award in favor of the plaintiff and against the defendant is granted. The cross motion is denied. Settle order.