■ In the Matter of HERBERT A. BIRRELL, Respondent. JOSEPH L. GOLD-MAN, Appellant — Order unanimously affirmed, with $20 costs and disbursements to the respondent landlord. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ. [13 Misc 2d 165.]

■ OILCAKES AND OILSEEDS TRADING CO., INC., Respondent, v. SINASON-TEICHER INTER AMERICAN GRAIN CORP., Appellant.— Judgment is modified on the law to the extent of providing that interest be calculated on $21,160.20 from March 3, 1954, instead of April 14, 1953, and, as so modified, affirmed, with costs to plaintiff-respondent. Plaintiff-respondent is entitled to interest from the date the award was complete under the English arbitration. The award was not perfected until after the hearing *de novo* before the Appellate Tribunal of the London Corn Trade Association. The Appellate Tribunal rendered its award on March 2, 1954. Plaintiff-respondent's appeal from the orders entered December 9, 1957, and the judgment thereon is dismissed, without costs, said orders and judgment having been vacated on plaintiff-respondent's motion. (*Duryea* v. *Fuechsel,* 145 N. Y. 654, 658.) Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ JACK YARMOVE et al., Respondents, v. CHARLES MAYONE, Appellant.— The judgment should be reversed, on the law and on the facts, and a new trial granted, with costs to abide the event, unless plaintiffs, within 20 days from the filing hereof, stipulate to reduce the verdict to $10,000, in which event the judgment as so reduced is unanimously affirmed, without costs. The verdict for $17,500 is inconsistent with the allegations of plaintiffs' first cause of action. Paragraphs 14 to 16, inclusive, of the complaint allege that the defendant accepted the offer of the prospective purchaser on the agreement of the plaintiffs to accept $10,000 for their brokerage commissions. The letter of October 10, 1957 (plaintiffs' Exhibit 5) unconditionally accepts on behalf of plaintiffs the defendant's offer of $10,000 for brokerage commissions. Having thereby induced the defendant to agree to the sales price of $600,000 instead of $625,000 originally sought by him, plaintiffs may not rescind the agreement for their compensation which induced the defendant's consent to the sale and recover the higher rates of commission promulgated by the Westchester County Realty Board. Defendant's acquiescence in the terms of sale is the *sine qua non* for recovery and on plaintiffs' allegations and on this record there would have been no consent to the sale on the part of the defendant were it not for plaintiffs' agreement to accept the lesser sum of $10,000. Defendant's consent to the supplemental charge of the court in respect of the form of the jury's verdict was consonant with the main charge and was not a concession as to the validity thereof. Defendant's motion to dismiss the complaint adequately presents for determination on this appeal the legal sufficiency of the cause of action upon which a recovery was had by the plaintiffs and the evidence in support thereof. (*Elenkrieg* v. *Siebrecht,* 238 N. Y. 254, 263; *Shafter* v. *New York City Tr. Auth.,* 5 A D 2d 320, 323; *Mercatante* v. *City of New York,* 286 App. Div. 265, 269.) Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ HOUSTON T. PATE, Respondent, v. TRAMP CARGO CARRIERS, INC., Defendant, and WATERMAN STEAMSHIP CORPORATION, Appellant.— Orders unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente, and Stevens, JJ.