339 So.2d 268 (1976)
Marshall H. ADER, As Executor of the Estate of Sarah Shaw, Petitioner,
v.
TEMPLE NER TAMID, a Non-Profit Religious Organization, Respondent.
No. 76-472.
District Court of Appeal of Florida, Third District.
November 9, 1976.
*269 Joseph Teichman, Miami, for petitioner.
Stanley H. Apte, Miami Beach, for respondent.
Before HENDRY and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
HENDRY, Judge.
Petitioner, defendant in the court below, brings his petition for writ of certiorari to quash an order of the trial judge striking various affirmative defenses as insufficient and redundant and striking part of petitioner's answer as sham.
Respondent, plaintiff below, filed a complaint against petitioner, as executor of the estate of Sarah Shaw. The complaint basically alleges that the decedent had guaranteed the balance of her late husband's unfulfilled pledge to the respondent. In reliance upon that pledge, the respondent settled a claim it had against decedent's late husband's estate. Subsequently, decedent died failing to pay the balance of her late husband's pledge.
On August 8, 1975, the petitioner filed a motion to dismiss for failure to state a cause of action and for failure to state grounds for said motion. Pursuant to Fla. R.Civ.P. 1.140(b) the motion was properly denied. Thereafter, on September 10, 1975, petitioner filed his answer, affirmative defenses, and second motion to dismiss. The answer denied twelve of the fourteen paragraphs of respondent's complaint and as affirmative defenses alleged that (1) the action was barred by the statute of frauds, (2) the action fails for lack of consideration, (3) the action fails because an oral promise to answer for the debt of another is unenforceable, (4) laches, (5) payment in full by the deceased's husband's estate, and (6) compromise and settlement of respondent's claim.
On October 1, 1975, respondent moved to strike as sham parts of petitioner's answer and moved to strike petitioner's affirmative defenses as insufficient and redundant under Fla.R.Civ.P. 1.140(b). On February 27, 1976, the trial judge entered his order striking as sham four of the petitioner's denials and allowing him 20 days to file an amended answer. The trial judge also struck five of petitioner's affirmative defenses and his motion to dismiss with prejudice. This petition for certiorari follows from that order.
Petitioner contends that the trial court erred when it struck his affirmative defenses *270 for the reason that petitioner had not included them as grounds in his bare motion to dismiss. Fla.R.Civ.P. 1.140(b), provides, inter alia:
"The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion."
Respondent argues that the order in question does not constitute a departure from the essential requirements of law and that it was not fundamental error. He continues by stating that petitioner waived his rights to assert affirmative defenses by his failure to plead them in his motion to dismiss.
Florida R.Civ.P. 1.140(b) provides, inter alia, that affirmative defenses may be raised in a responsive pleading or by motion. Petitioner, while failing to assert his affirmative defenses in his motion to dismiss, did state them in his answer. Therefore, based on the record in the instant case, we believe that the trial court erred in striking the affirmative defenses set forth in petitioner's answer.
Petitioner also contends that the trial court erred in striking as sham certain denials found in his answer. In order for a pleading to be stricken as "sham" pursuant to Fla.R.Civ.P. 1.150(a) we have stated that the pleading must appear clearly false, as a mere pretense set up in bad faith, and without color of fact. Sapienza v. Karland, Inc., 154 So.2d 204 (Fla.3d DCA 1963). In light of this rule and based upon the pleadings in this case, we do not feel that the trial court was justified in striking the denials as sham.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, petition for certiorari is granted and the order of the trial court entered February 27, 1976 is quashed.