743 So.2d 547 (1999)
DIAMOND R. FERTILIZER CO., INC., Appellant,
v.
LAKE PACKING PARTNERSHIP, Day Packing, etc., et al., Appellee.
No. 97-3368.
District Court of Appeal of Florida, Fifth District.
July 30, 1999.
Rehearing Denied October 20, 1999.
*548 Alton G. Pitts, P.A. and Kenneth L. Baker, Orlando, for Appellees Beasley Packing, Inc., and James Edward Beasley.
T. Todd Pittenger and Terry C. Young of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellees Lake Packing Partnership, Day Packing, Inc., and John H. Day.
ANTOON, C.J.
Diamond R. Fertilizer Company, Inc., appeals the final summary judgment entered by the trial court in favor of Lake Packing Partnership, Day Packing Corporation, and John Day (appellees) in this breach of contract case. We reverse and remand this matter to the trial court for further proceedings because the trial court erred in applying the doctrines of merger and election of remedies.
In 1993 and 1994, appellee Lake Packing Partnership placed numerous orders for fertilizer with Diamond Fertilizer and directed that the product be shipped to Bahama Citrus Growers in the Abaco Islands. When full payment for the orders was not received, Diamond Fertilizer filed this lawsuit in the St. Lucie County circuit court seeking payment. At the same time, Diamond filed a separate lawsuit in the Bahamian supreme court against Bahama Citrus Growers seeking payment of the same outstanding fertilizer invoices.
On February 14, 1995, while discovery was proceeding in the St. Lucie County circuit court, the Bahamian supreme court entered a default judgment against Bahama Citrus Growers because it failed to file a responsive pleading. Final judgment was later entered by the Bahamian court awarding Diamond Fertilizer the sum of the outstanding invoices, $699,218.54.
Meanwhile, in the Florida circuit court, the instant action was transferred to the Orange County circuit court and discovery continued. On September 27, 1995, appellees filed a motion to strike Diamond Fertilizer's first amended complaint as a sham pleading and a motion for summary judgment. Appellees maintained that the February 14, 1995 Bahamian default judgment entered against Bahama Citrus Growers pertained to "exactly the same debt" and therefore the doctrines of judicial and equitable estoppel, election of remedies, and merger protected them from being held liable for the unpaid invoices. The trial court conducted a hearing on the motions. Upon review of the arguments of counsel, the trial court entered summary judgment in favor of appellees based upon the doctrines of merger and election of remedies. The trial court concluded that, pursuant to these doctrines, the February 14, 1995 Bahamian default judgment barred Diamond Fertilizer from proceeding against the appellees in the Florida courts based upon the same underlying debt. This conclusion was incorrect.
The doctrine of merger provides that a cause of action upon which an adjudication is predicated merges into the judgment and that, consequently, the cause of action's independent existence perishes upon entry of the judgment. See Vernon v. Service Trucking, Inc., 565 So.2d 905, 906 (Fla. 5th DCA 1990). The *549 doctrine of merger is based on the reasoning that the judgment is considered to be superior to the cause of action on which it is founded. 32 Fla. Jur.2d Judgment and Decree § 113 (1994). By extinguishing the cause of action on which a judgment is based, the doctrine of merger bars a subsequent action for the same cause. 32 Fla. Jur.2d Judgment and Decree § 116 (1994). See also Sunshine Utilities Equipment, Inc. v. Treasure Coast Utilities, Inc., 421 So.2d 1096 (Fla. 4th DCA 1982). The doctrine of merger can be applied only to matters "between parties to the litigation or their successors, conclusively settled by the decision of the court." 15 Samuel Williston & Walter H.E. Jaeger, A Treatise on the Law of Contracts § 1875 (3rd ed.1972). That is, "in order to effect a merger of a lower obligation into a higher, the obligations must be between the same parties, and upon the same debt or claim." Id. See also 46 Am.Jur.2d Judgments § 507 (1994).
Applying this understanding of the doctrine of merger to the instant facts, it appears clear that if Diamond Fertilizer had filed a second lawsuit against Bahama Citrus Growers with regard to the same outstanding invoices, then that cause of action would have "merged" with the February 14, 1995 Bahamian default judgment because that cause of action between the parties has been reduced to a judgment. However, it is not immediately clear whether the doctrine of merger also applies to bar Diamond Fertilizer from prevailing in this lawsuit against the appellees because in order to answer that question it must be determined what the status is between the appellees and Bahama Citrus Growers in relation to the underlying debt to Diamond Fertilizer. Stated another way, before the doctrine of merger can be applied here it is necessary to determine, as a matter of fact, whether or not the appellees and Bahama Citrus Growers are "the same parties" with respect to the underlying debt to Diamond Fertilizer. Importantly, although the appellees claimed that in their dealings with Diamond Fertilizer they had acted as an agent of Bahamas Citrus Growers, the trial court specifically refused to rule on this issue of agency, stating that "the defense of an agency relationship is a fact intensive argument which is normally best decided by the trier of fact, and therefore is inappropriate for summary judgment." Accordingly, the trial court's finding of merger must be reversed.
We note further that, relevant to this appeal wherein the appellees are asserting the doctrine of merger based upon a Bahamian default judgment, "a judgment of a court of a foreign country ... has been generally held not to effect a technical merger of the original cause of action." 15 Samuel Williston & Walter H.E. Jaeger, A Treatise on the Law of Contracts § 1875 (3rd ed.1972). "On principle, it would seem logical that there should be a merger in any conclusive foreign judgment. However, it is said to depend on comity." Id. See also Oilcakes & Oilseeds Trading Co. v. Sinason Teicher Inter American Grain Corp., 9 Misc.2d 651, 170 N.Y.S.2d 378 (1958). Thus, even if the parties had established that the appellees and Bahama Citrus Growers were the same party for purposes of this lawsuit, the trial court was not required, as a matter of law, to apply the doctrine of merger since the default judgment was entered by a court from a foreign country.
As for the doctrine of election of remedies, this doctrine is defined as the act of choosing between two or more different and co-existing modes of procedure and relief allowed by law on the same state of facts. 1 Fla. Jur.2d Actions § 230 (1997). The doctrine of election of remedies operates to preclude a party who has chosen one remedy from later resorting to another remedy. 1 Fla. Jur.2d Actions § 237 (1997). Importantly, lawsuits involving separate demands against different persons are not inconsistent so as to require an election of remedies. 1 Fla. Jur.2d Actions § 249 (1997).
*550 Here, Diamond Fertilizer's lawsuit against the appellees involves separate demands against different parties who were not involved in Diamond Fertilizer's lawsuit against Bahama Citrus Growers. Again, absent proof that the appellees are the "same party" as Bahama Citrus Growers for purposes of liability for payment of the fertilizer invoices, the two causes of action are not inconsistent so as to require an election of remedies. Accordingly, the trial court's application of this doctrine of election of remedies must also be reversed.
The trial court's order entering summary judgment in favor of the appellees is reversed and this matter is remanded for further proceedings. On remand, even if the doctrine of merger is not found to apply to the facts of this case and appellees are found to be liable for payment of the outstanding fertilizer invoices, Diamond Fertilizer will not be able to receive a double recovery of the sum due on the outstanding invoices. See Mitchell v. Edge, 598 So.2d 125, 128 (Fla. 2d DCA 1992).
REVERSED and REMANDED.
HARRIS, J., concurs.
W. SHARP, J., concurs specially with opinion.
W SHARP, J., concurring specially.
I agree the trial court erred in granting final summary judgment for appellees. Appellees moved for summary judgment on two grounds: 1) that the appellant's pleadings were "shams" and 2) that the cause of action had been merged into a final judgment appellant had obtained against a different corporation. The trial judge agreed with both.
As to the first ground, there is no basis in this record to conclude appellant's pleadings are sham pleadings, within the meaning of Florida Rule of Civil Procedure 1.150. There is no indication that appellant made any false statements or allegations. In order to warrant rejection of a pleading as a sham, it must present itself as a mere pretense, or amount to an allegation made in bad faith, without color of fact. Ader v. Temple Ner Tamid, 339 So.2d 268, 270 (Fla. 3d DCA 1976). Accord Meadows v. Edwards, 82 So.2d 733 (Fla.1955); Sapienza v. Karland, Inc., 154 So.2d 204 (Fla. 3d DCA 1963). A pleading may be dismissed as a sham when it is inherently false and from the conceded facts in the case, it is clear such falsity was known to the plaintiff at the time the pleading was filed. Menke v. Southland Specialties Corp., 637 So.2d 285 (Fla. 2d DCA 1994); West Palm Golf Commission v. Adams, 633 So.2d 568 (Fla. 4th DCA 1994). The pleadings in this case rise no where near this level.
As to the second ground, I agree the trial court erred in granting summary judgment for appellees on the theory that the appellant's cause of action was merged or extinguished by having obtained a prior final judgment against another (perhaps related) corporation. Merger and election of remedies, like res judicata, are affirmative defenses which must be proven by the party asserting itin this case, the appellees. At this point in the proceedings it is impossible to conclusively determine whether this doctrine is applicable, or if applicable, whether it should be applied as a matter of equity.
Here appellant filed suit for the same payment of invoices against appellees in Florida and against Bahamas Citrus Growers in the Bahamas. Although judgment was obtained against Bahamas Citrus Growers, the relationship between that company and the appellees has not been established. Even if a joint, rather than several, obligation is eventually established on the claim, or an agency relationship is shown to exist between the appellees or some of them and the other corporation, a court might chose not to apply the doctrine of merger and election of remedies on the ground that its application in this context is unjust, or the rules requiring it are obsolete. Restatement (Second) of Law, *551 Judgments § 49 (1982). The better approach is to replace the joint versus several obligor rule with one that simply bars a double recovery, and allow only one satisfaction for a loss that is the subject of two or more judgments. Id. § 50.