STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      DOCKET NO. AP-05-036

                                                      ᒐᎯᎧᎧ -ᏟᏞᏆᏆ - ᎳᎤᎥᎧᎶᎷ

                                   *
WILLIAM ORR,                       *
                                   *
                     Appellant     *
        v.                         *         **ORDER**
                                   *
GARY HOWEY,                        *                    STATE OF MAINE
                                   *              Cumberland, ss, Clerk's Office
                                   *                   SUPERIOR COURT
                     Appellee      *
                                   *                      OCT 1 9 2005

                                                          RECEIVED

        This case comes before the Court on Plaintiff/Appellant William Orr's

appeal from the District Court's Judgment on May 18, 2005 dismissing the case

with prejudice pursuant to M.R. Civ. P. 76D.

                            **FACTUAL BACKGROUND**

        On August 19, 1999, William Orr (Orr), a resident of Maine, purchased a

Monaco Diplomat motor home from Lazy Days RV Center, Inc. in Seffner,

Florida. The vehicle was manufactured by Monaco Coach Corporation

(Monaco). In 2000, Monaco determined that the odometers installed in all 1999

Diplomats had an incorrect pulse setting that caused the vehicle to register more

mileage than they actually traveled. Monaco dispatched Defendant/Appellee

Gary Howey (Howey), an employee, to replace the odometer. Howey replaced

the odometer three times in 2000. The actual mileage on the vehicle was

calculated by a rate of error and programmed into the replacement odometer.

Orr made a claim against Monaco pursuant to the Florida Recreational Vehicle

Mediation/Arbitration program alleging that the actual mileage on the vehicle

after Orr installed the final odometer read 5067.6 miles when it should have read

5047.8 miles. (Pl. Objection to Motion to Dimiss). Following a 13-hour hearing, the arbitrator found that:

> [t]he sole claim against Monaco Coach Corporation which is covered by Florida's Recreational Vehicles "Lemon Law" is the claim for the non-conformity of the odometer, the 4[th] odometer, operated properly AND the difference between the odometer reading and the actual mileage of the motor home is inconsequential.

Furthermore, the arbitrator reasoned that the although the "[a]ctual odometer mileage is essential in establishing the true value of an RV, . . . there is no reasonable, credible or factual basis to conclude that there is a defect or condition that SUBSTANTIALLY IMPAIRS the use, value or safety of this Monaco Coach."

Orr then petitioned the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida for review of the Arbitrator's decision. Orr subsequently withdrew that petition. Six months later, on February 12, 2005, Orr filed a small claims Complaint alleging that Howey tampered with the odometer in violation of 29-A M.R.S.A. § 2106. After oral argument, the district court judge held that the decision of the Florida arbitrator had res judicata effect and dismissed the small claims Complaint. The district court stated that:

> [a]fter review of Defendant's motion to dismiss and Plaintiff's objection and oral argument, the court grants the motion based on claim preclusion (res judicata). The Plaintiff did present his odometer claims to a Florida arbitrator in 2000, lost, appealed it, then dropped his appeal. There is nothing new in a legal sense to avoid res judicata. The Defendant is and was an employee of Monaco Coach Corp., the defendant in the arbitration. Plaintiff had an attorney in Florida and had a full opportunity to present his claims in Florida in 2000.

## DISCUSSION

Orr maintains that res judicata does not apply here because the claim before the arbitrator was based on Florida's "Lemon Law." He argues that the

claim he brought before the Maine District court was whether Howey tampered with his odometer in violation of 29-A M.R.S.A. § 2106. Notwithstanding the different legal theories, Howey argues that the arbitrator's holding that the final odometer operated properly and did not substantially impair the use, value, or safety of the Monaco Coach, has res judicata effect on the issue of tampering.

a.     Standard of Review

The doctrine of res judicata ensures that the same matter will not be litigated more than once. *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131, 138. A claim will be precluded if "1) the same parties or their privies are involved in both actions; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Id.* "When no factual issues exist in determining the res judicata effect of an earlier action, the appellate court reviews the trial court's application of the doctrine for errors of law." *Blance v. Alley*, 1997 ME 125, P3, 697 A.2d 828. Moreover, appeals from small claims decisions can only be on questions of law. M.R.S.C.P. 11(d)(1).

It is clear that although Monaco was the defendant in the Florida action, Howey is a privy of Monaco by the nature of his employment. Preliminarily, this Court must determine whether the decision of a foreign arbitrator has claim preclusive effect. As a general rule, arbitration awards have claim preclusive effect. Restatement of the Law, Second, Judgments § 84, Reporter's Notes, Comment b.[1] Foreign arbitration awards also have claim preclusive effect

---

[1] See, e.g., Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp., 550 F.2d 1320 (2d Cir. 1977); United States, for and on Behalf of Portland Constr. Co. v. Weiss Pollution Control Corp., 532 F.2d 1009 (5th Cir. 1976); Behrens v. Skelly, 173 F.2d 715 (3d Cir. 1949), cert. denied, 338 U.S.

provided that (1) they were enforceable in the state of their rendition, (2) the cause of action on which they were based was not contrary to the strong public policy of the forum and (3) the defendant was subject to the judicial jurisdiction of the arbitration tribunal and was given reasonable notice of the proceeding and a reasonable opportunity to be heard. Restatement § 220, Reporter's Notes.[2]

In this case, the Florida Lemon Law requires a motor vehicle manufacturer or service agent to make repairs that are necessary to conform the vehicle to its warranty. See § 681.103, Fla. Stat. (2002). The law also provides for various arbitration and mediation alternatives to resolve disputes between consumers and the manufacturers of recreational vehicles. See § 681.1097, Fla. Stat. (2002) (Pilot RV Mediation and Arbitration Program). Florida recognizes that decisions made by arbitrators in this program are binding unless appealed by either party. *Coberly v. Thor Industries*, 908 So. 2d 486 (Fl. App. 2005); see § 681.1097(7), Fla. Stat. (2002). Based on the foregoing authority, it is clear that the Arbitrator's decision was enforceable in Florida and not contrary to public policy. Furthermore, Orr had a reasonable opportunity to be heard based on the fact that the arbitration hearing continued for 13 hours.

Accordingly, the main issue in this case is whether the matters presented for decision before the Maine district court were, or might have been litigated

---

821, 70 S.Ct. 66, 49 L.Ed. 498 (1949); Goldstein v. Doft, 236 F.Supp. 730 (S.D.N.Y.1964), aff'd, 353 F.2d 484 (2d Cir. 1965), cert. denied, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966).

[2] Standard Magnesium Corporation v. Fuchs, K. G. Metallwerke, 251 F.2d 455 (10th Cir.1957); Moyer v. Van-Dye-Way Corp., 126 F.2d 339 (3d Cir.1942); H. S. Cramer & Co. v. Washburn-Wilson Seed Co., 68 Idaho 416, 195 P.2d 346 (1948); Gilbert v. Burnstine, 225 N.Y. 348, 174 N.E. 706 (1931); Oilcakes & Oilseeds Trading Co. v. Sinason Teicher Inter American Grain Corp., 9 Misc.2d 651, 170 N.Y.S.2d 378 (Sup.Ct.1958), aff'd 7 A.D.2d 97, 183 N.Y.S.2d 838 (1st Dep't 1959), aff'd, 8 N.Y.2d 852, 168 N.E.2d 708 (1960); Britex Waste Co. v. Nathan Schwab & Sons, Inc., 139 Pa.Super. 484, 12 A.2d 473 (1940); Taylor v. Basye, 119 Wash. 263, 205 Pac. 16 (1922).

before the Florida arbitrator. Although Orr alleges a violation of a Maine criminal statute as the basis for his small claims action, the basis of the action revolves around whether the replacement odometer represents the actual mileage of the vehicle.[3] That issue was presented at the arbitration hearing and the arbitrator held that the odometer worked properly and any difference between the odometer reading and the actual mileage was inconsequential. That being so, the district court did not err in holding that res judicata applies to that decision.

The decision of the district court is AFFIRMED.

DATE: _October 19, 2005_

Justice, Superior Court

---

[3] 29-A M.R.S.A. § 2106. Tampering with odometer

   1. ODOMETER. A person is guilty of a Class D offense if that person:

   A. Disconnects, changes or tampers with the odometer of a motor vehicle with the intent to misrepresent or change the number of miles indicated on the odometer; or

   B. *When the odometer reading differs from the number of miles a vehicle has been driven,* knowingly offers for sale that motor vehicle without disclosing that the actual mileage is unknown or is known to be different than the odometer reading.

   2. SERVICE AND REPAIR. Nothing in this section prevents the repair or replacement of an odometer, *as long as the odometer mileage remains the same after the service, repair or replacement.* If the odometer is incapable of registering the same mileage after the repair or replacement, the odometer must be adjusted to read zero and a notice provided by the Secretary of State must be attached to the left doorframe of the vehicle by the owner or the owner's agent or by an authorized agent of the Secretary of State. The notice must specify the mileage prior to repair or replacement of the odometer and the date of repair or replacement.

   3. VIOLATION. A person commits a Class D crime if that person fails to attach a notice as required under subsection 2 or removes or alters a notice.

   4. UNFAIR TRADE PRACTICE. A violation of this section constitutes an unfair trade practice under Title 5, chapter 10.

OF COURTS
rland County
 Box 287
aine 04112-0287

LEE STEPHEN MACPHEE ESQ
250 SUMMER STREET
BOSTON MA 02210



COURTS
d County
× 287
₂ 04112-0287

WILLIAM ORR
32 KERRI FARMS DRIVE
STANDISH ME 04084